Deniston, Auditor, *v.* Terry.

No. 17,220.

## DENISTON, AUDITOR, *v.* TERRY.

NOTICE.—*Actual Notice.*—*Appearance.*—*Jurisdiction.*—Where a party has actual notice, and voluntarily enters his appearance to resist a proposed action against him, that is sufficient to confer jurisdiction.

BUILDING ASSOCIATIONS.—*Paid-up Stock Taxable.*—Paid-up building and loan stock, *i. e.* stock held by investors as debentures, or as evidence of money paid or loaned by them to the association, is taxable against the holder thereof, and the taxes thereon payable by him, notwithstanding the statute for the assessment of building and loan associations.

SAME.—*Debtor and Creditor.*—The holder of such stock is a creditor of the association.

SAME.—*What Stock Taxable.*—All building and loan stock, unless it be that held by borrowers, is taxable.

From the Fulton Circuit Court.

*W. A. Ketcham,* Attorney-General, and *M. A. Baker,* for appellant.

*I. H. C. Royce, G. M. Walker, B. K. Elliott, W. F. Elliott, G. W. Holman, R. C. Stephenson, S. D. Coffey, J. M. Rawley* and *T. ·W. Hutchinson,* for appellee.

HOWARD, C. J.—On August 14, 1893, the county assessor placed in the hands of appellant the following statement:

 "ROCHESTER, IND., August 14, 1893.

"Auditor of Fulton county: Place on the tax duplicate as 'omitted property' the sum of $1,500 to Frank H. Terry, town R., and charge up the taxes on the same for the year 1893.　　　J. N. ORR, County Assessor.

"Paid up B. and L. stock."

On August 21, 1893, the appellee filed with the appellant his written protest against the placing upon the duplicate of said $1,500 of building and loan stock for the reasons: (1) That section 89 of the general tax

law, Acts 1891, p. 233 (section 8507, R. S. 1894), "expressly exempts building and loan association stock from taxation;" (2) that the assessor should have brought the matter before the county board of review; and (3) that the appellee should have received five days' notice of the proposed assessment.

On September 27, 1893, the appellee filed his complaint alleging the foregoing facts and asking that the appellant be enjoined from placing said building and loan stock upon the tax duplicate. To this complaint a demurrer was overruled, and this ruling is the only error assigned.

If we should consider only the reasons given in the protest and in the complaint for injunction we should have to hold them insufficient. We do not think, in the first place, that the statute cited attempts to, or does, in fact, "expressly exempt building and loan association stock from taxation;" nor do we think that if such attempt were made it would be in compliance with the terms of the constitution.

Article X, section 1, of the constitution requires that "The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law." Certainly it will not be contended that "building and loan association stock" is within any of the classes of property which it is here provided may be exempted from taxation. This stock is not "municipal, educational, literary, scientific, religious, or charitable" property, and so is not of any of the kinds of property that "may be specially exempted by law" from taxation.

As to the claim that the matter of this taxation should have been brought to the attention of the county board of review, it is enough to say that the complaint shows that this stock was "omitted property," and that section 113 of the general tax law (section 8531, R. S. 1894) provides, amongst other things, that "It shall be the duty of the county assessor, at any time during the year, to list and assess upon the proper assessor's books, in the office of the county auditor, any omitted property that he may discover, and which should be assessed; and the same shall be placed upon the duplicate by the auditor, and the taxes thereon extended and collected as in other cases." Notice to the property owner of the proposed assessment of such omitted property is also provided for in the same section. *Saint* v. *Welsh, Exr.*, 141 Ind. 382.

As to the third reason given for the injunction, that "no such notice" to appellee as required by statute was given, we may observe that it is not denied that some notice was given. It is further shown that appellee did appear and protest against the proposed assessment; and also, that some time afterwards, at the date of filing the complaint, the assessment had not yet been made, the allegation being, "that notwithstanding the protest the defendant is threatening" to place upon the tax duplicate for the year 1893 said $1,500 of building and loan stock. Where a party has actual notice, and voluntarily enters his appearance to resist a proposed action against him, that is sufficient to confer jurisdiction.

The reasons given in the complaint being insufficient, it remains to inquire whether the facts alleged were such as to authorize the granting of the injunction.

From the complaint it appears that the stock here in question is "paid up building and loan stock."

The statute under which building and loan associations are assessed, being section 89 of the general tax law, *supra*, and which is, substantially, a reënactment of the act in force March 7, 1887, Acts 1887, p. 40 (sections 858, 859, Elliott's Supp.; sections 4462, 4463, R. S. 1894), is as follows:

"Building, loan-fund and saving associations shall be listed and assessed in the following manner: Before the first day of June of each year, the secretary of every building, loan and savings association shall file with the auditor of the county in which such association was organized, a duplicate statement verified by said secretary, showing the amount paid into said association by shareholders upon shares of stock issued by it up to the first day of April preceding, and then outstanding, and also the amount loaned up to said date, to shareholders, and secured by mortgage upon real estate listed for taxation.

"And the auditor shall deliver said statement to the proper assessor, who shall proceed to assess said association for taxation with the amount shown to have been paid into said association up to said first day of April upon outstanding shares of stock, less the amount shown by the statements to have been loaned to shareholders upon said mortgage security so listed for taxation, and neither said association nor the shareholders therein shall be liable to other taxation upon said shares of stock." Acts 1891, p. 233, *supra*, section 8507, R. S. 1894.

Whether, as contended by appellant, this statute is unconstitutional as to all shares of stock, including those upon which shareholders have obtained loans from the association, secured by mortgage upon real estate listed for taxation, as well as those shares held by creditors of the association, we need not inquire, since the question before us relates altogether to the latter class of stock.

We may say, however, that the stock held by borrowers appears to be the kind of stock contemplated in the statute. When a shareholder in a building and loan association has borrowed from it the value of his stock, and is engaged, under the rules of the association, in repaying his loan by weekly or monthly installments, or at such times and in such amounts as may be agreed upon, subject to the provisions of the statutes regulating such associations, it would seem that the stock so held in his name is not of any real value, except to show the terms of his contract of payment to the association. As to such stock, moreover, it would appear that the money on hand, being the difference between that received by the association and that so loaned out by it, is the true value of the assets of the association, and the amount, therefore, for which it should be taxed, aside from the mortgaged real estate, the latter being also duly assessed for taxation. If this were true, there would, in effect, be no exemption of shares from taxation, such shares being of no money value.

It may be observed further that there is here no question of the assessment of notes taken by the association on its loans. It is not clear, therefore, that the Illinois case cited by appellant is in point, which holds a similar law unconstitutional. *People's Loan, etc., Assn.* v. *Keith*, 39 N. E. Rep. 1072.

Nor, indeed, are we able to see, as at present advised, why such a method of taxation, so far as borrowers' stock is concerned, should be held obnoxious to the requirement of the constitution, that "the General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal."

As said by counsel for appellee, this provision of the

constitution does not require a uniform method of taxation, but only that there shall be a uniform and equal rate of taxation, and that there shall be a just valuation of all property for taxation. Different methods may be, and indeed often must be, pursued, as to different kinds and classes of property, in order to attain to this "uniform and equal rate" and to this "just valuation" of "all property." *Whitney* v. *Ragsdale*, 33 Ind. 107; *Cleveland, etc., R. W. Co.* v. *Backus, Treas.*, 133 Ind. 513.

But the question as to assessment of borrower's building and loan stock, and also that as to assessment of notes or other evidences of credits held by building and loan associations, are not before us in this case, although ably and earnestly argued by counsel on both sides; and we must, therefore, decline to pass upon any propositions relating to such matters.

The question in the record is, whether paid-up building and loan stock, in other words, stock held by investors, as debentures, or as evidence of money paid or loaned by them to the association, is taxable, notwithstanding the statute for the assessment of building and loan associations. We think such stock is taxable. If we thought otherwise, we should have to consider the statute itself unconstitutional.

In this connection counsel for appellee, in their additional brief, have laid down three propositions, which we think in point and to which we fully agree:

"First. This court will not decide a constitutional question when the cause can be decided upon its merits without such decision. *Hoover* v. *Wood*, 9 Ind. 286; *Parker* v. *State, ex rel.*, 133 Ind. 178.

"Second. A statute may be constitutional in part and unconstitutional in other parts. *State, ex rel.*, v. *Blend*, 121 Ind. 514; *State, ex rel.*, v. *Gorby*, 122 Ind. 17.

"Third. When a statute is susceptible of two construc-

tions, one of which will bring it into conflict with the constitution of the State, and the other will not, the latter construction will be adopted. *Warren* v. *Britton*, 84 Ind. 14; *Hays* v. *Tippy*, 91 Ind. 102; *Campbell* v. *Dwiggins*, 83 Ind. 473.''

The Legislature, in the enactment of the statute for the assessment and taxation of building and loan associations, had in mind, as we think, building and loan stock, properly so called; that is, stock held by those who make stated payments to the association in return for money borrowed by them from the association, and, by such borrowers, invested in the building or buying of homes. Whether the method provided in the statute for the assessment of building and loan associations is, as to such borrower's stock, constitutional, we need not, as we have already said, inquire, as the question is not here.

We are of opinion, however, that the statute did not contemplate that the money loaned to such associations and evidenced by debentures, called also shares of stock, should not be taxed as credits held by such stockholders. Such shares of stock are of the apparent value of the money paid upon them to the association, and should be taxed accordingly, as any other credits.

Counsel here intimate that if paid up stock is taxable, so also should stock be which is partially paid up. ''It would be absurd,'' say counsel, ''to say that stock half paid up should not be assessed for taxation and that fully paid should. Surely, if $1,000 is invested, certificate issues showing full payment and is taxed, $500 invested in a $1,000 certificate should not escape.''

In this we quite agree with counsel. Whether the stockholder who has loaned his money to the association, and has received certificates of stock in evidence of such loan, has in fact paid in full for the stock, or has made

only part payment thereon, he should, in either case, be taxed for the true cash value of his stock, and that value will, in general, be the amount paid by him on the stock.

If however, the stockholder were a borrower and not a lender, his stock would represent, not money due to him as a creditor of the association, but rather money due from him as a debtor to the association. Or, at most, if the borrower's stock represented a credit due him, the money borrowed on the stock would be a debit which, as held in *Florer* v. *Sheridan, Admx.*, 137 Ind. 28, he might deduct from the credit.

But the stockholder who is simply a lender to, a creditor of, the association, as appellee, holds his stock in evidence of such credit, just as he might hold the promissory note or other obligation of the association. Whether, in fact, he holds a certificate of stock or not, or whatever other evidence there may be of such credit, can make no difference. He is an actual creditor. The law looks through names and sees the things which the names stand for. Such a credit, therefore, by whatever name it may be called, or however it may be evidenced, is taxable under the constitution as any other credit. Any law which should provide otherwise would be invalid. All building and loan stock, therefore, unless it be that held by borrowers, is taxable. Under the law, then, the stock or shares of stock in question are to be assessed and charged to the holder of the stock or shares of stock and the tax thereon paid by him and not by the association.

The judgment is reversed, with instruction to sustain the demurrer to the complaint.

Filed June 22, 1895.