## HARN *v.* WOODARD, TREASURER.

[No. 18,513.    Filed April 19, 1898.    Rehearing denied July 1, 1898.]

TAXATION.—*Building and Loan Associations.—Exemption.*—Section 8507, Burns' R. S. 1894, providing the manner of assessing building and loan associations for taxation, and exempting from taxation shares of stock in such associations, was not intended as a limit upon the right further to tax the holders of stock or those to whom the building associations were indebted.    *pp. 132-135.*

SAME.—*Building and Loan Associations.—Deposits.*—One who has deposited his money with a building and loan association subject to call at any time upon reasonable notice, with interest or earnings, is a creditor to the extent of such deposit and interest or earnings, and his holdings constitute a credit.    *pp. 135, 136.*

SAME.—*Building and Loan Associations.—Constitutional Construction.*—Construing section 8507, Burns' R. S. 1894, relative to the taxation of building and loan associations with section 1, article 10 of the constitution, and indulging the presumption that the legislature did not intend to violate the constitution, the conclusion follows that it was intended by such section to tax, not the stock of the corporation, but the holdings of its members, and such balances as may remain in the hands of the association officers.    *pp. 136, 137.*

From the Monroe Circuit Court.    *Affirmed.*

*W. P. Rogers, H. C. Duncan, I. C. Batman, Louden & Louden* and *Foltz, Spitler & Kurrie,* for appellant.

*J. E. Henley* and *J. B. Wilson,* for appellee.

HACKNEY, J.—The appellant Harn, sued the appellee Woodard, as treasurer of Monroe county, to enjoin the collection of taxes for the year 1897, upon certain running stock in a building association, not borrowed upon by Harn as the holder thereof. The lower court sustained a demurrer to the complaint, and that ruling presents the only question for review.

One of the questions urged by appellant is, that stock of this character is assessable to the building

association, and not to the holder thereof. To this proposition are cited sections 8422, 8507, Burns' R. S. 1894. The first of these sections is as follows: "All corporate property, including capital stock and franchises, except where some other provision is made by law, shall be assessed to the corporation as to a natural person in the name of the corporation. The place where its principal office in this State is situated shall be deemed its residence, but if there be no principal office in the State, then such property shall be listed and taxed at any place in the State where the corporation transacts business." This section is general as to the character of corporations and stock to be listed and assessed under it, and, in the absence of any other provision, might be sufficiently comprehensive to include building associations; but section 8507, *supra,* supplies a specific provision as to the taxation of building associations. It is as follows: "Building, loan-fund and saving associations shall be listed and assessed in the following manner: Before the first day of June of each year, the secretary of every building, loan and savings association shall file with the auditor of the county in which such association was organized, a duplicate statement verified by said secretary, showing the amount paid into said association by shareholders upon shares of stock issued by it up to the first day of April preceding and then outstanding, and also the amount loaned up to said date, to shareholders, and secured by mortgage upon real estate listed for taxation. And the auditor shall deliver said statement to the proper assessor, who shall proceed to assess said association for taxation with the amount shown to have been paid into said association up to the first day of April upon outstanding shares of stock, less the amount shown by the statement to have been loaned to shareholders

upon said mortgage security so listed for taxation, and neither said association nor the shareholders therein shall be liable to other taxation upon said shares of stock." Practically, the effect of this section is to list and assess against the association the difference between the amount paid in by shareholders and the amount loaned to them by the association. That is to say, the association is chargeable with the difference between receipts and loans. There is no provision by this section for assessments of any kind as against members of the association, borrowing or nonborrowing, and the clause closing said section, "and neither said association nor the shareholders therein shall be liable to other taxation upon said shares of stock," but is a declaration that the stock is not otherwise intended to be taxed.

As was held in *Deniston* v. *Terry*, 141 Ind. 677, this exemption was not intended as a limit upon the right further to tax the holders of stock, or those to whom building associations were indebted. In fact, the theory of this section is not the taxation of stock, but is, as to the building association, the taxation of the balance on hand or remaining to the credit of the association. As intimated in the case just cited, any other construction of the exemption would render it unconstitutional, as in violation of article 10, section 1 of the constitution, which provides that the only property which may be exempted from taxation is that for municipal, educational, literary, scientific, religious, or charitable purposes. In the cases cited it was further held, with reference to stock fully paid up, that it was taxable, not as stock, but as a credit in favor of the stockholder, and it was said in that case that there was no reason to distinguish between nonborrowing stock partly paid up or fully paid up. The conclusion that the holdings of a nonborrowing

member should be taxed as a credit, and not as stock, is supported by the fact that building associations, in the form now known to the laws of the State, admit of the withdrawal at any time of the amount which the holder has paid into the association, together with the legal rate of interest upon the same. Section 4447, Burns' R. S. 1894. This theory has been further adopted with reference to paid-up or prepaid stock by the legislature of 1897. Acts 1897, p. 284.

It is quite clear, we think, that one who deposits his money with an association subject to call at any time upon reasonable notice, and who may receive the interest upon or earnings of the money so deposited, is a creditor to the extent of such deposit and interest or earnings, and, although his credit may be evidenced by a certificate of stock or other writing, he is nevertheless a creditor, and his holdings, whatever called or however evidenced, constitute a credit. Of this question it was said in *Deniston* v. *Terry, supra,* "whether the stockholder who has loaned his money to the association, and has received certificates of stock in evidence of such loan, has in fact paid in full for the stock, or has made only part payment thereon, he should, in either case, be taxed for the true cash value of his stock, and that value will, in general, be the amount paid by him on the stock. * * * But the stockholder who is simply a lender to, a creditor of, the association * * * holds his stock in evidence of such credit, just as he might hold the promissory note or other obligation of the association. Whether, in fact, he holds a certificate of stock or not, or whatever other evidence there may be of such credit, can make no difference. He is an actual creditor. The law looks through names and sees the things which the names stand for. Such a credit, therefore, by whatever name it may be called, or

however it may be evidenced, is taxable under the constitution as any other credit. Any law which should provide otherwise would be invalid." Treating, therefore, the holdings of the appellant as a credit, and not as stock, there is no provision that such credit shall be taxed against the association, and it would only remain to be determined whether it was taxable as against the holder. There is little reason to claim that a credit upon which no further payments are owing is taxable to the holder of such credit, and that a partly paid up credit is not taxable to the extent of the payments thereon. This is the effect of the holding in *Deniston* v. *Terry, supra*, and unless some reason not appearing when that case was decided shall raise a different view of the question, we must follow the holding in that case.

Section 8422, *supra*, applies to the assessment only of corporate property, and that "where some other provision is" not "made by law." It would, therefore, not relate to assessments against individuals. Being a general provision, and section 8507 being a specific provision upon the same subject, the former, under the well known rules of statutory construction, would not control. The legislature certainly has the power, in classifying and providing methods of taxing property, to charge the same, if it consist of investments in corporations, either to the individual member or the corporation; and it not infrequently occurs that corporate property is assessed directly instead of against the stock. The property, or the investment which the member makes, supplies the essential characteristics of the property to be taxed, and not the stock. The investments of the nonborrowing member of a building association are as so much cash deposited for profit in the way of interest or participancy in earnings, and when that in-

vestment is taxed, the stock should not also be taxed. Likewise, when any species of property is taxed to its owners in severalty, it should not be taxed also against its owners collectively. Considering the constitutional inhibition against the exemption of property from taxation, and indulging in the presumption that the legislature did not intend to violate the constitution, we are aided in the conclusion that it was intended to tax, not the stock of the corporation, but the holdings of its members and such balances as may remain in the hands of the association officers.

The suggestion of the learned counsel for the appellant that the case of *State Board of Tax Commissioners* v. *Holliday*, 150 Ind. 216, should control this case in favor of appellant is certainly made upon a misapprehension of the holding in that case. It was not decided in that case that there should be a specific selection of each article, credit, or kind of property to indicate the legislative intention to tax it, or to warrant its assessment for taxation. A selection by general classification is sufficient, and we do not understand it to be claimed here that, if we are correct in holding the appellant's right a credit, it is not within the legislative classification of property to be taxed.

The essence of the decision mentioned was in the holding that the legislature had not, directly or indirectly, supplied the methods or instrumentalities for estimating the value for assessing policies of life insurance, and it was not held that such policies were not included in the legislative classification of property for taxation. Nor is it claimed that the credit here in question possesses any peculiarity rendering its valuation or assessment difficult, or that there could be two or more methods of ascertaining the value thereof. Indeed, the legislature has recognized the value of such credits in no uncertain or ambiguous

terms.  By section 4447, *supra*, it is provided that its withdrawal value is the amount paid in, and, under certain circumstances, added interest.  Its value, however, is ascertainable by the ordinary business method of ascertaining the value of a promissory note, certificate of deposit, or draft.

Speaking of the case of *Deniston* v. *Terry*, *supra*, counsel for appellant say:  "In that case the sole question was the right to tax paid-up stock, and we think the court decided that question properly." This conclusion is in entire harmony with all that we have said in this case.  The only possible difference between this case and that is in the proportion in which the credit has been created.  We know of no reason for distinguishing between fully paid up and partly paid up credits of this class.  A subscription of $1,000 upon which $500 has been paid, is as valuable as a $500 subscription fully paid.  As to either, the sum can be drawn upon notice, and as to either, its earnings depend, not upon the character of the credit, but upon the mutual obligations assumed by the parties.  Nor do we observe any occasion for refinement of distinction upon the question as to whether members of a building association are stockholders or creditors.  This, we think, may be said as to borrowing and nonborrowing members.  The association is formed for the purpose of gathering the funds of those having and earning a surplus, and of lending them to those who want to borrow, with the privilege of making small payments.  Those who lend and those who borrow are members, whether they are called stockholders or not, and whether they have certificates of stock or not.  Their membership enables one set to lend their surplus to another, and the corporate entity, by its official instrumentalities, is the agency or source through which this

method of borrowing and lending is carried on. The amount paid in by a nonborrowing member is subject to withdrawal at pleasure, and the withdrawal, as in the case of a stockholder in a bank who withdraws his individual deposits, does not affect the status or character of the corporation. The judgment of the circuit court is affirmed.