STATE, EX REL. MORGAN, *v.* THE WORKINGMEN'S BUILDING AND LOAN FUND AND SAVINGS ASSOCIATION ET AL.

[No. 18,488. Filed March 10, 1899.]

APPEAL AND ERROR.—*Record.—Demurrer.*—Where the order-book entry showing the filing of the demurrer to an alternative writ of mandate recites that the "defendants jointly and severally demur to said alternative writ," and the language used in the demurrer filed clearly shows that it is a joint and several demurrer of all the defendants, it will be so considered on appeal, though in the demurrer the word "defendant" was used instead of "defendants." *p. 279.*

TAXATION.—*Building and Loan Associations.*—Stock in building and loan associations, whether paid up, prepaid, running, or otherwise, is taxable at its true cash value. *pp. 279, 280.*

State, *ex rel.*, *v.* Workingmen's, etc., Assn.

CONSTITUTIONAL LAW.—*Exempting Building and Loan Stock from Taxation.*—Any law either directly or indirectly exempting stock in building and loan associations from taxation is unconstitutional. *p. 280.*

TAXATION.—*County Assessor May Inspect Books of Building and Loan Associations and Other Corporations.—Mandamus.*—For the purpose of listing the property of building and loan associations and other corporations for taxation a county assessor has the right to inspect the books and papers thereof, and may enforce that right by mandate. *p. 280.*

From the Monroe Circuit Court.    *Reversed.*

*J. E. Henley* and *J. B. Wilson,* for appellant.

*H. C. Duncan, I. C. Batman* and *Louden & Louden,* for appellees.

MONKS, C. J.—This action was brought by the relator, as county assessor, to compel appellee the said building association, and its co-appellees, the officers of said association, to permit him, as such assessor, to examine the books of said building association for the purpose of determining whether any of the stock of said association had been omitted from taxation. An alternative writ of mandamus was issued, and a demurrer thereto, for want of facts, was sustained. Appellant refusing to plead further, judgment was rendered in favor of appellees.

The ruling of the court in sustaining said demurrer is assigned as error. It is insisted by appellees that the demurrer sustained was that of a single defendant, and no question is therefore presented by the assignment of errors. The order-book entry showing the filing of the demurrer to the alternative writ recites that the "defendants jointly and severally demur to said alternative writ." The demurrer filed was treated by the court and the parties as the joint and several demurrer of all the defendants. The language used in the demurrer, although the word "defendant" is used instead of "defendants," clearly shows that it is the joint and several demurrer of all the defendants.

It is the settled law in this State that the stock in building

and loan associations, whether paid up, prepaid, running or otherwise, is taxable at its true cash value. *State, ex rel.*, v. *Real Estate, etc., Assn.*, 151 Ind. 502, 503, and cases cited. Any law therefore either directly or indirectly exempting the same from taxation is in violation of section 1, article 10 of the Constitution, being ·section 193 Burns 1894, section 193 Horner 1897, and therefore void. *Deniston, Aud.*, v. *Terry*, 141 Ind. 677, 678, 682; *Harn* v. *Woodard*, 151 Ind. 132; *State, ex rel.*, v. *City of Indianapolis*, 69 Ind. 375, and cases cited; *Warner* v. *Curran*, 75 Ind. 309. It is also settled law that county assessors, township assessors, county auditors, Auditor of State, board of review, and State Board of Tax Commissioners, for the purpose of listing property for taxation, each have the right to inspect and examine the records of all public offices, and the books and papers of all corporations, and taxpayers in the State, and may enforce such right by writ of mandamus. Section 8444 Burns 1894, section 6302 Horner 1897; *State, ex rel.*, v. *Real Estate, etc., Assn.*, *supra.*

The other objections urged to the complaint are such as could only be reached by a motion to make more definite and specific, as the remedy for uncertainty in pleading is not by demurrer. *Copeland, Aud.*, v. *State, ex rel.*, 126 Ind. 51, 53, and cases cited. Judgment reversed, with instructions to overrule the demurrer to the alternative writ, and for further proceedings not inconsistent with this opinion.