## INTERNATIONAL BUILDING AND LOAN ASSOCIATION *v.* BOARD OF COMMISSIONERS, MARION COUNTY.

[No. 4,052.    Filed November 18, 1902.]

TAXATION.—*Board of Review.—Assessment of Omitted Property.—Building and Loan Associations.*—Under §8532 Burns 1901, giving the county board of review the power to equalize valuations made by assessors "by adding to or deducting therefrom such sums as are necessary to fix the assessments at the true cash value," the board has the power to assess a building and loan association on omitted property.    *pp. 16, 17.*

SAME.—*Board of Review.—Assessment of Omitted Property.—Notice.—Building and Loan Associations.*—Where the secretary of a building and loan association voluntarily appeared before the board of review, submitted to an examination upon the question of increasing the assessment of the association, protested against the increase, and afterward notified the president and directors of the action of the tax board, who discussed the same and did not take an appeal to the state board of tax commissioners, as they had the right to do, such action amounted to a waiver of notice and a

International Building, etc., Assn. *v.* Board, etc.

submission to the jurisdiction of the board, and the association was bound by its action. *pp. 17–21*

TAXATION.—*Double Taxation.—Building and Loan Associations.*—The assessment of a building and loan association with money loaned arising from its earnings from interest and premium does not amount to double taxation on the ground that the stockholders of the association were assessed with the same property; since only the stock itself was taxable to the stockholders. *p. 21.*

From Marion Circuit Court; *H. C. Allen*, Judge.

Application by the International Building and Loan Association to the board of commissioners of Marion county to have refunded to it certain taxes paid under protest. From a judgment of the circuit court sustaining the board of commissioners in denying the application, the petitioner appeals. *Affirmed.*

*W. N. Harding* and *A. R. Hovey*, for appellant.

*M. M. Hugg*, for appellee.

WILEY, C. J.—Appellant filed its petition to have refunded to it certain taxes which it had paid under protest. The board of commissioners refused to grant the prayer of the petition, and appellant appealed to the court below. The court made a special finding of facts and stated its conclusion of law thereon, which was adverse to appellant.

The only error assigned is that the court erred in its conclusion of law. The material facts found are as follows: That appellant is a duly organized building and loan association under the laws of this State; that by its secretary it did, on May 11, 1897, file with the auditor of Marion county a duplicate, verified statement, showing the amount paid in by the shareholders upon shares of stock up to April 1st preceding, and then outstanding, and also the amount loaned to shareholders up to that date and secured by mortgage on real estate listed for taxation, also showing that appellant had loaned to shareholders a sum in excess of the total amount paid in; that the appellant also made a return for assessment on assessment schedule of its personal prop-

erty amounting to $200, which return last aforesaid was made by the township assessor; that on April 1, 1897, appellant had loaned to its shareholders, and secured by mortgage on real estate listed for taxation, a sum of money in excess of money paid in by its shareholders; that there were no outstanding, paid-up shares of stock on April 1, 1897; that it then had no borrowed money, and all of its outstanding stock was running, partly paid up; that prior to April 1, 1897, the state board of tax commissioners prescribed a form of schedule for the use of all taxpayers in listing personal property for taxation; that said schedule contained the following provisions: "Number of shares of running or partially paid-up stock in building, loan and savings associations and their value," and that blanks were provided for the number and shares so held; the value placed thereon by the taxpayer; and the value thereof by the township and county assessors; that said schedule also contained the following: "All moneys loaned to building, loan, and savings associations;" also, "Number of shares of paid-up stock in any building, loan, or savings association, and value;" also, "Number of shares of prepaid stock in any building, loan, or savings association, and value;" also, "All orders issued by any building, loan, or savings association held by me;" that opposite each of said provisions was a blank for the insertion of the number of shares so held by the taxpayer, with blanks for valuation by him and the township and county assessors; that on the — day of July, 1897, the county board of review made an assessment against appellant in the sum of $35,435, in addition to the $200 returned by appellant for taxation; that the taxes on said increased assessment amounted to $613.03; that the total rate of taxation for 1897 was $1.73 for $100; that the first instalment of taxes, amounting to $306.51, was paid under protest by appellant, April 21, 1898, said protest being made upon the ground that said assessment by the board of review was unlawful, and wrongfully

made; that the personal property so assessed by the county board of review was assessed on money loaned by appellant out of its earnings from interest and premiums on its loans to certain of its shareholders upon their shares of stock hypothecated as collateral security for the payment of such loans; that appellant sent to each of its shareholders in January and July, 1897, a statement giving the value of the shareholders' shares of stock, including all dues paid and all earnings and accumulations.

That prior to the meeting of the board of review in 1897, the auditor caused a notice to be published in a newspaper in Marion county, for two weeks, of the time and place of meeting of said board of review, but did not insert in said notice the name of the appellant as one whose list of valuation of property would be considered, added to, or increased by said board; that in addition to said notice said board of review, two or three days previous to the time for taking up the matter of assessing appellant's property, sent notice by postal card directed to appellant, and on the lower left-hand corner of said card wrote the name of appellant's secretary; said postal card stated that the board of review would take up the matter of reviewing the assessments of appellant's property, and the time when the same would be taken up; that while said board was in session on the 9th day of July, 1897, Wm. H. Schmidt who was then a member of said board called up appellant by telephone and asked for Charles Schurmann, who was then its secretary; that he was informed that said Schurmann was at his home sick; that said Schmidt called him up at his residence, by telephone, and told him that the board of review wanted him to come before it; that it was going to take up the matter of considering the list of valuation of appellant's property,—whether said valuation should be added to or increased; that said Schurmann informed said Schmidt that he was sick and could not attend that day, but would be present the following day; that he did appear before the board on

the following day and was interrogated as to the money loaned by appellant to certain of its shareholders and of what property the appellant had; that after so examining said Schurmann the board made the increased assessment heretofore mentioned, and that Schurmann thereupon immediately protested on behalf of appellant; that said Schurmann, soon after, and as secretary of said association, notified the president and several of its directors of the action of said board of review, and discussed fully the matter of said assessment with the president and directors; that appellant, nor no one on its behalf, appealed from said assessment to the state board of tax commissioners; that said association was given no further notice than that hereinbefore specified that the county board of review would revise, correct, or add to the list of personal property returned by it; and that said Schurmann had no special authority or direction by appellant association to appear in said matter, but that he was its secretary at the time. The conclusion of law was that appellant was not entitled to recover.

Counsel for appellant insist that the action of the board of review in making the additional assessment was absolutely void for the following reasons: (1) Because there was no law giving it authority to fix the assessment; (2) because there was no notice to the association and hence the board did not acquire jurisdiction; and (3) because the assessment so made amounted to double taxation, the same property having been assessed against the shareholders. If appellant is right as to either of these propositions, then the judgment can not stand.

As to the first proposition, the statute invests the county board of review with power to equalize valuations made by assessors "by adding to or deducting therefrom such sums as are necessary to fix the assessment at the true cash value." §8532 Burns 1901. Under this provision of the statute the county board of review has authority to equalize

International Building, etc., Assn. *v.* Board, etc.

assessments, and hence appellant's first proposition is not well grounded.

Our next inquiry is, did the board acquire jurisdiction over the person of appellant? It did not acquire jurisdiction by virtue of the notice given by the auditor by publication in a newspaper, because such notice did not contain the name of appellant as one where the board deemed it necessary to add omitted prperty or to increase the valuation thereof by the assessor. The statute requires this. §8532 Burns 1901. Neither did it acquire jurisdiction by having served upon appellant a written notice that it proposed to revise or correct its list, as provided by the statute, *supra*. Nor did it acquire jurisdiction by addressing to appellant a postal card, upon which was indorsed the name of its secretary, notifying it that its assessment was to be reviewed. The statute makes no provision for such notice. If the board acquired jurisdiction it was by reason of the voluntary appearance of appellant, by its secretary, upon the request that he appear before the board, and was notified that it was going to take up the matter of considering the list of valuation of said association's property,—as to whether it should be added to or increased. The court found as a fact that the secretary had no special authority or direction by appellant so to appear. A corporation can only act through its officers. The secretary of a corporation is an executive officer. In this instance he was requested to appear before the board. He knew that the board was going to review appellant's assessment. He voluntarily appeared, submitted to an examination upon which the increased assessment was made, and in his appearance represented appellant. If this was a full appearance, it was a waiver of any defect in the notice, or of any notice whatever. Elliott, App. Proc., §677, and authorities there cited; *Hoag* v. *Old People's, etc., Society,* 1 Ind. App. 28; *McClure* v. *Lucas,* 2 Ind. App. 32; *Mc-*

*Cormack* v. *First Nat. Bank*, 53 Ind. 466. The appellant's counsel argue that the appearance of its secretary before the board was not such an appearance as gave the board jurisdiction, and in support of their contention cite and rely upon the case of *Eaton* v. *Union County Nat. Bank*, 141 Ind. 159. There the cashier of the bank received a verbal request to appear before the board, to which he responded. He was asked and answered certain questions concerning the affairs of the bank. He had no notice or any knowledge of any purpose or intention to revise or increase the valuation as returned by the bank, nor did he or any other officer of the bank know that the same had been done until the board had adjourned. In that case the court found as a fact that the cashier was called, not for the purpose of acquiring jurisdiction over the bank, but for the purpose of testifying as a witness. Upon such facts the court said: "It is manifest, also, that he did not submit to the jurisdiction of the board or voluntarily acquiesce in its right to raise the valuation of appellee's list, since it was shown upon the trial and found by the court that he protested against any action of the board." It is clear that the facts in that case differ materially from those in the case we are considering. There the cashier appeared before the board upon a verbal request. He had no knowledge that the board contemplated raising the valuation. He merely answered such questions as were asked him, and objected to any increase or change in the valuation of the bank's capital stock. The increase in the assessment was not made in his presence, and neither he nor the other officers of the bank knew that it had been done until after the board adjourned.

Here appellant and its secretary had been notified both by postal card and by telephone that the board would take up and consider the matter of reviewing the assessment of appellant's property, and the time it would be taken up. Appellant was not bound to appear upon such notice, and

if its secretary had remained away any action of the board increasing the assessment would have been void. He went before the board as an officer of and representing appellant. He was fully advised as to what he was there for. He voluntarily submitted to an examination relating to matters pertaining to the affairs of appellant. The board made the increased assessment in his presence and he protested on behalf of appellant. If he was not there representing appellant he was not authorized to protest in its name against the increased valuation. He afterwards notified appellant's president and several of its directors, and they discussed the matter between them. Though fully advised of what had been done appellant took no steps to have the increased assessment vacated; did not appeal to the state board of tax commissioners as it had a right to do, but allowed the assessment to stand unchallenged until the tax-paying time, when it paid the tax under protest. That the secretary was representing appellant is plain from the fact that when the increase was made by the board he protested on behalf of the association. In the case last cited the court said: "We do not question the soundness of the rule that some notice, though defective, may give jurisdiction so as to preclude a collateral attack upon the proceedings of a judicial or *quasi* judicial tribunal, nor do we doubt that one may voluntarily appear and submit to the jurisdiction of such tribunal so as to waive any right to insist that no jurisdiction over the person existed, nor do we doubt that the cashier was the appellee's agent for the purposes of the service of notice or the waiver of notice." If in that case the cashier was the bank's agent for the purpose of the service of the notice or the waiver of notice, then appellant's secretary stood in the same relation to it that the cashier did to the bank. It would not be seriously contended that if such notice as contemplated by the statute had been served upon appellant's secretary, it would not have been sufficient to confer jurisdiction as to it. Then

if he was a proper officer for a legal service to be served upon, he was also a proper officer to appear before the board on behalf of the association to contest the matter under consideration, and, he having voluntarily appeared and submitted to the jurisdiction of the board, the appellant is bound by it.

Judge Elliott in his work on Appellate Procedure, §677, says: "It has long been established law that a party who fully appears to an action or suit waives all objections to the jurisdiction of the court over his person. If a party desires to object to process he must enter a special appearance for that purpose, for a general appearance waives all objections to the writ or its service. It is not material how or in what manner notice is issued or served if it fully accomplishes its purpose by bringing the party into court and affording him an opportunity to answer the complaint or declaration, and this it is held to do whenever there is a full appearance. It is in general true that any act done in a case not accompanied by an express qualification or restriction limiting the appearance to what is called by some of the courts a 'special appearance' and by others 'a qualified appearance,' is regarded as a general appearance."

The county board of review is a *quasi* judicial body. The facts disclosed in this case by the special findings bring the case within the rule declared in *Senour* v. *Matchett,* 140 Ind. 636. In that case it was said: "In this tribunal [the board of review], which possess *quasi* judicial powers, is lodged, by law, exclusive original jurisdiction over the subject-matter of revising and correcting tax assessments. And when it once obtains jurisdiction over the person by virtue of notice provided by the statute, or upon appearance of the taxpayer, whose list is called in question, its action or decision in the matter, right or wrong, is binding upon him until set aside or vacated by an appeal or some other direct authorized proceeding." See, also, the following authorities: *Jones* v. *Rushville, etc., Gas*

*Co.,* 135 Ind. 595; *Biggs* v. *Board, etc.,* 7 Ind. App. 142. In appearing before the board under the facts disclosed by the record, appellant waived notice, and thus submitted itself to the jurisdiction of the board, and is bound by its action. The board unquestionably had jurisdiction of the subject-matter, and was clothed with power to review the assessment made against the appellant by the assessor when it appeared before the board, and when it knew the matter of its assessment was to be considered. This disposes of appellant's second contention.

The third reason urged for reversal is that the increased assessment amounted to double taxation. We do not think this position is tenable under the facts found. The court found that the increased assessment was "on money loaned by said association out of its earnings from interest and premiums on its loans to certain of its shareholders upon their shares of stock hypothecated as collateral security." This finding shows that the assessment was not against the stock of the association, but against money loaned on its earnings from interest and premiums. The stock itself was taxable to the several shareholders, except that held by borrowers. *Deniston* v. *Terry,* 141 Ind. 677; *Harn* v. *Woodard,* 151 Ind. 132; *State, ex rel.,* v. *Workingmen's, etc., Assn.,* 152 Ind. 278.

The appellant was present when the board of review raised the valuation of its property; its president and directors were advised of what the board did; the board acted as a *quasi* judicial tribunal, after acquiring jurisdiction by appellant's appearance, and under such facts its action can not be collaterally attacked.

Judgment affirmed.