ANACONDA COPPER MIN. CO., APPELLANT, *v.* RAVALLI COUNTY ET AL., RESPONDENTS.

(No. 4,052.)

(Submitted November 14, 1919. Decided December 1, 1919.)

[186 Pac. 332.]

*Taxation—Equalization—Increase in Valuation—Defective Notice—Waiver.*

Taxation—Valuation of Property—Increase—Defective Notice—Waiver.
   1.   One who, in response to a defective notice, appears before a county board of equalization to protest against an increase in the valuation of his property waives the irregularity in the notice.

Waiver—What One may Waive.
   2.   Under section 6181, Revised Codes, one may waive, by implication or by agreement, the advantage of a law intended solely for his benefit.

*Appeal from District Court of Ravalli County; R. Lee Mc-Culloch, Judge.*

ACTION by the Anaconda Copper Mining Company against Ravalli County and H. L. Hart, its treasurer, to recover taxes paid under protest. From a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. Elmer E. Hershey,* for Appellant, submitted a brief; *Mr. Wm. Murphy,* of Counsel, argued the cause orally.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Woody* argued the cause orally.

It has been uniformly held that want of statutory notice of an addition to a tax list, or increase in valuation, is waived by appealing for relief or protesting to the board of equalization on learning that the addition or increase in valuation has been made. (1 Cooley on Taxation, 782, 783; *Deniston* v. *Terry,* 141 Ind. 677, 41 N. E. 143; *Negley* v. *Henderson Bridge Co.,* 107 Ky. 414, 54 S. W. 171; *Tillis* v. *County Commrs.,* 91 Ala. 396, 8 South. 794; *Farmers & Merchants' Bank* v. *Board of Equalization,* 97 Cal. 318, 32 Pac. 312; *Spring Valley Water Works* v. *Schottler,* 62 Cal. 69; *Avant* v. *Flynn,* 2 S. D. 153, 49 N. W. 15; *State* v. *Western Union Tel. Co.,* 4 Nev. 338; *Quinebaug Reservoir Co.* v. *Town of Union,* 73 Conn. 294, 47 Atl. 328, 329; *State* v. *Baker,* 170 Mo. 383, 70 S. W. 872; *Security Sav. Bank & Trust Co.* v. *Board of Supervisors of Los Angeles County,* 4 Cal. Unrep. 222, 34 Pac. 437; *County Commrs. of Calhoun Co.* v. *Woodstock Iron Co.,* 82 Ala. 151, 2 South. 132; *In re McLean,* 138 N. Y. 158, 20 L. R. A. 389, 33 N. E. 821; *Comstock* v. *Waterford,* 85 Conn. 6, 37 L. R. A. (n. s.) 1166, 81 Atl. 1059; *Bogue* v. *Laughlin,* 149 Wis. 271, Ann. Cas. 1913C, 1367, 40 L. R. A. (n. s.) 927, 136 N. W. 606.)

MR. JUSTICE HURLY delivered the opinion of the court.

Plaintiff, for the purpose of listing its property subject to taxation within Ravalli county in the year 1915, delivered to the county assessor a sworn statement thereof as provided by law, and gave the estimated value thereof as $178,515. The assessor increased such estimated value in the sum of $25,500. The plaintiff alleges that the assessor did not give written notice of the change at least ten days prior to the meeting of the county board of equalization, as required by law, and that therefore such increase so made by the assessor was void. The taxes upon such increased valuation amounted to the sum of $836.40, which sum the plaintiff paid to the county

treasurer under protest, and then commenced this action, within the statutory time, to recover the amount alleged to have been wrongfully collected.

The notice was given by the assessor under date of July 12, [1]  1915, and is as follows:

"After looking over the assessment of the A. C. M. Co. submitted by you early in the season, I see that you have reduced the assessed valuation on the clear lumber from $16.00 per M. to $14.00 per M., and I also find that all other lumber concerns in Ravalli county are paying $9.00 per M. on their common lumber, and your assessment is submitted at $7.00 per M. and I am of the opinion that if I should allow this assessment to go through along the lines given by you that it would not meet with the approval of the county commissioners, and accordingly I have assessed the common lumber at $8.00 per M. and the clear at $16.00 per M. As I wrote you some time ago that I was making no changes in the assessment given in by you, I thought it well to notify you so as you could meet with the commissioners, which sets as equalization board July the 19th.

"Very sincerely yours,

"(Signed) R. R. KEYES,

"Assessor Ravalli County, Montana."

Under date of July 31, 1915, the plaintiff filed with the board of equalization a protest against the increase as made by the assessor, stating in such protest that the same was a special appearance, and that by it, it did not submit itself to the jurisdiction of such board for any other purpose than that of making a protest upon the ground that ten days' notice prior to the meeting of the board had not been given by the assessor, as required by section 2743. Revised Codes, as amended by Chapter 135 of the Session Laws of 1909; and asked the board to correct the assessment in accordance with the sworn statement heretofore referred to. Upon the issues based upon these facts, trial was had to the court and a judgment given in favor of the defendants, from which judgment this appeal was taken.

The statute involved in this proceeding is section 2743, Revised Codes, as amended by Chapter 135, Laws of 1909, and, so far as important in this case, is as follows: "Whenever any person has delivered to the assessor a sworn statement of his property subject to taxation as now provided by law, and giving the estimated value of such property, and the assessor shall increase such estimated value, or add other property to such assessment list, he shall at least ten days prior to the meeting of the county board of equalization, give to such person written notice of such change, which notice shall be substantially in the following form:

(Date) ————

Mr. ————

A change has been made in your assessment list as follows·

Assessor ————, ———— County.

Such person may then appear before the county board ot equalization, ascertain the nature of such change, and contest the same; and if the assessment of any such person has been added to or changed, either by the assessor or by the county board of equalization, and such person has not been notified thereof and given an opportunity to contest the same before the county board of equalization, the tax of such increased value or added property shall, upon such facts being established, be adjudged by the court to be void, and such facts and all questions relating thereto, when said tax has been paid under protest, may be heard and determined in the action provided for in said section 2742 (4024) of the Political Code."

Appellant relies upon the decisions of this court in *Western Ranches* v. *Custer County*, 28 Mont. 278, 72 Pac. 659, and *Montana Ore Purchasing Co.* v. *Maher*, 32 Mont. 480, 81 Pac. 13, as establishing that the increase in question was void. In the first of the above-cited cases, the board of equalization determined, without notice to the owner, that certain property belonging to it had not been listed for assessment, and directed the assessor to assess the same. Afterward the taxpayer appeared and made application for a reduction, and for the elim-

ination from the assessment of property which it claimed it did not own and which had been erroneously added to its assessment. It was held that the statute requiring notice to be given by the board before it could direct the assessor to reassess made it compulsory that such notice be given, and, none having been given, that the board acquired no jurisdiction; also that the appearance of the taxpayer after such illegal action in reassessing the property and then asking for a reduction in the assessment, did not constitute a waiver of the illegality in the acts of the officers. In *Montana Ore Pur. Co.* v. *Maher, supra,* while arising under a different condition of facts, the decision was based upon similar legal grounds.

The decisions in these cases were made under the provisions of sections 3781 and 3789, Political Code of 1895 (secs. 2573 and 2581, Revised Codes), which require notice to be given and a hearing had before any change may be made in an assessment; while section 2743, as amended, requires that notice shall be given by the assessor after the change has been made, so that the taxpayer may have opportunity to contest the increase before the board. In the case at bar no contention is made that the assessor did not give notice to the appellant, nor that, in response thereto, it filed its protest against the increase, though denominating such protest a special appearance only.

Section 2743 as amended provides, among other things, that the tax on the increased assessment shall be adjudged to be void when the taxpayer has not been notified of the change and "given an opportunity to contest the same before the county board of equalization." It is apparent that the intention of the legislature was not that the tax on the increased valuation should be void merely if the statutory notice is not given, but that such tax is to be void only where there has been a failure to give the notice and no opportunity afforded the taxpayer to appear before the board to contest the increase. Where a notice is actually given, though falling short of the ten-day period, and the owner of property of which the valuation for

assessment purposes has been increased actually does appear in response to the notice, we fail to conceive how he acquires any greater privilege upon his appearance than does one who may have had thirty, sixty or a greater number of days' notice that an increase has been made in the assessment. In each instance the purpose of the notice is that the owner be informed of the increase so that he may have opportunity to protest the same.

Conceding that the notice was irregular, it was at least sufficient to cause appellant to appear during the meeting of the board of equalization and to enter its protest upon the ground that it had not legal notice of the action taken, and, if it had notice sufficient for this purpose, it likewise had notice sufficient to afford opportunity to present evidence, if it saw fit, that the increase in the valuation was in excess of the actual cash value of the property assessed; but no contention is made that the valuation as fixed by the assessor is other than the actual cash value of the property assessed.

In *Cobban* v. *Meagher,* 42 Mont. 399, 113 Pac. 290, under the direction of the board of equalization an assessment was made without the statutory notice, and upon the case made the court and the board treated the taxpayer's conduct as a waiver of notice, and the court upheld the action of the board. In this case there was an express waiver as to a part of the transactions. [2] That one may waive the advantage of a law intended solely for his benefit is established by the statute. (Sec. 6181.) This may be done by implication as well as by agreement. (*Washoe Copper Co.* v. *Hickey,* 46 Mont. 363, 128 Pac. 584; *Bush* v. *Baker,* 46 Mont. 535, 129 Pac. 550; *Parchen* v. *Chessman,* 49 Mont. 326, Ann. Cas. 1916A, 681, 142 Pac. 631, 146 Pac. 469; *Melzner* v. *Trucano,* 51 Mont. 18, 149 Pac. 365, 367.)

Many authorities may be cited to the effect that one appearing before assessing officers to protest against an increase in the valuation of his property, where no notice or insufficient notice has been given, waives the requirements of the statute, among which are the following: *Deniston* v. *Terry,* 141 Ind. 677, 41 N. E. 143; *International Bldg. & Loan Assn.* v. *Board*

*of Commrs. etc.,* 30 Ind. App. 12, 65 N. E. 297; *Central Pac. R. Co. v. Standing,* 13 Utah, 488, 45 Pac. 344.

Appellant having had opportunity to appear before the board to oppose the increase as made by the assessor, and having actually appeared for that purpose, it waived any irregularity in the giving of the notice.

For the reasons stated the judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY and COOPER concur.