KERR, Appellant, *v.* SMALL, Respondent.

(No. 8,174.)

(Submitted June 13, 1941.   Decided October 2, 1941.)

[117 Pac. (2d) 271.]

*Mr. Paul T. Keller,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. Harold K. Anderson* and *Mr. Floyd O. Small,* for Respondent, submitted a brief; *Mr. Small* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from a judgment for defendants in an action to set aside a tax deed to certain property in the city of Helena.

The property in question prior to the plaintiff's ownership was owned one-fifth interest by Pierce and a four-fifths interest by Nielson. The plaintiff became the owner of the Nielson interest on the 12th day of November, 1937, and the deed was recorded on the 15th day of November, 1937. Prior to that time the taxes had become delinquent and on the 29th day of July, 1933, the county treasurer struck the land off to the county and issued a certificate of tax sale which recited that the county would be entitled to a deed on the 29th day of July, 1936, if no redemption were made. On the 30th day of December, 1938, the county took steps to make application for a tax

deed under section 2209, Revised Codes, and on the 25th day of February, 1939, a tax deed was issued to Lewis and Clark county. Thereafter, on the 28th day of July, 1939, the property was put up for sale at public auction and the defendant Small became the buyer.

The plaintiff contends that the tax deed under which the defendant claims is void because of irregularities in the proceedings, to-wit: Failure to serve notice on the occupant and owner, of the application for a tax deed, failure to file affidavit of proof of service, and failure properly to describe the premises.

The crux of the controversy involves the matter of the required notice. The defendant urges, and the lower court so found, that there was due and sufficient compliance with the statutory requirements and, if not, the validating Acts of 1939 (Chapters 94 and 105) cured any defect. In addition the defendant Small urges that the plaintiff waived his right to notice by appearing by agent at the public auction on July 28, 1939, and by thereat making bids on the property, attempting to be the purchaser.

The record shows the affidavit of service of notice of taking tax deed was made on Pierce, who owned a one-fifth interest, and the same affidavit shows service on Mrs. A. S. Kerr as occupant. However, the affidavit of service and notice to Nielson, the owner of a four-fifths interest and predecessor of the plaintiff, is not complete and does not show any service on Kerr or his wife, either as owner or occupant. This notice to Nielson was sent by registered mail and, because it could not be delivered, was returned.

The record of the testimony is confusing in that the plaintiff testified that no notice of *tax sale* was served on him. We understand this to mean the notice of the application for a tax deed, the only time personal service is required. (Sec. 2209, Rev. Codes.) The plaintiff stated also that he knew the taxes were delinquent but did not know a sale would be held as to his interest; he thought that the Pierce one-fifth interest only was to be sold. Here again we have a confusion, for the plaintiff

was undoubtedly speaking of the public auction after the county had taken the tax deed to the entire property.

The confusion presented by this record is illustrative of the laxity of some county officials in following the statute. Under section 2209, Revised Codes, it is unequivocally required that "the purchaser of property sold for delinquent taxes * * * must, at least sixty (60) days, previous to the expiration of the time for redemption, or at least sixty (60) days before he applies for a deed, serve upon the *owner* of the property purchased, if known, and upon the *person occupying* the property, * * * a written notice, stating that said property, or a portion thereof, has been sold for delinquent taxes, giving the date of sale, the amount of property sold, the amount for which it was sold, the amount due, and the time when the right of redemption will expire, or when the purchaser will apply for a tax deed, and *the owner of the property * * * has the right of redemption indefinitely until such notice has been given.*"

The above quoted statute is explanatory of the reason why ▇ this notice must be given. Under the facts in this record it clearly appears that there was not the necessary service of notice to ground jurisdiction for the issuance of the tax deed. In *Small* v. *Hull,* 96 Mont. 525, 32 Pac. (2d) 4, 5, this court said: "Chapter 85 [Laws of 1927], though it attempts to make the deed conclusive evidence of all proceedings from the assessment by the assessor up to the execution of the deed (except as against fraud), does not prevent the true owner from showing a want of notice in the tax proceedings. (*Marx* v. *Hanthorn,* 148 U. S. 172, 13 Sup. Ct. 508, 37 L. Ed. 410.) It was proper, therefore, to receive evidence showing that no notice of application for the deed was in fact served upon these defendants, and particularly when that fact appears upon the face of the affidavit filed as a basis for the issuance of the deed."

The next question is as to the effect of the validating Acts of ▇ 1939 (Chapters 94 and 105). The general rule in the application of validating statutes is that a curative statute may cure any requirement or step which the legislature might have

made immaterial by a prior law. (*Martin* v. *Glacier County*, 102 Mont. 213, 56 Pac. (2d) 742.) However, in the case at bar the attack is on the fact of notice which the legislature may not do away with. If such were done it would be violative of the due process clause of the Montana Constitution, Article III, section 27. (See *Small* v. *Hull*, supra, and the cases therein cited.)

The next contention made by the defendant to support the findings of the trial court is that the plaintiff by having an agent at the public auction held on July 25, 1939, did, by bidding on the property, waive his right to object to the failure of notice and acquiesced in the taking of his property. In support of such contention the defendant calls our attention to section 8744, Revised Codes, which declares: "He who consents to an act is not wronged by it"; and also to the case of *Anaconda Copper Mining Co.* v. *Ravalli County*, 56 Mont. 530, 186 Pac. 332, wherein it was held that: "One who, in response to a defective notice, appears before a county board of equalization to protest against an increase in the valuation of his property waives the irregularity in the notice."

Neither the statute nor the case cited is controlling in the case now before us. In this case it must be remembered that at the time of the public auction the county had taken steps to cut off all equity which the tax delinquent owner had. In other words, under the statute, the last time an owner may redeem his property is before the taking of the tax deed. After that deed is taken and the statute followed, the previous owner is precluded from further rights as an owner. Therefore, when the plaintiff's agent presented himself at the sale, he was in the same status as any other buyer; he was possessed of no rights which he could waive by bidding on the property.

Some contention is made that actual knowledge of the proceedings by the plaintiff bars him from relief. The record does not disclose that the plaintiff had the knowledge required to be given him by section 2209; and, furthermore, it is the notice given by the applicant, as required by the statute,

which is controlling. Therefore there is no merit in this contention.

The judgment is reversed and the cause remanded with direction to enter judgment as prayed for in the complaint in so far as the four-fifths interest claimed by plaintiff is concerned.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and MORRIS concur.