No. 12495

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA, ex rel WILMER C. NEISS
and HELEN M. NEISS, Husband and Wife,
individually and d/b/a the Carlin Hotel,

Petitioners,

-vs-

DISTRICT COURT OF THE THIRTEENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA and the
HONORABLE ROBERT H. WILSON, Judge thereof,
and SIDNEY T. SMITH, Commissioner of Labor
and Industry and HONORABLE ROBERT L. WOODAHL,
Attorney General of Montana.

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioners:

Berger, Anderson, Sinclair and Murphy, Billings, Montana
Arnold A. Berger argued, Billings, Montana

For Respondents:

Honorable Robert L. Woodahl, Attorney General, Helena,
Montana
Jonathan B. Smith argued, Assistant Attorney General,
Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana
Ernest F. Boschert argued, Billings, Montana.

---

Submitted: May 22, 1973

Decided: JUL 10 1973

Filed: JUL 10 1973

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an original proceeding brought by petitioners Wilmer C. and Helen M. Neiss, husband and wife, seeking a writ of supervisory control directed to the respondents to appear and show cause why petitioners' motion for summary judgment in the district court should not be granted. The district court of the thirteenth judicial district, Yellowstone County, was the original respondent. The Montana Commissioner of Labor and Industry and the Montana Attorney General were made parties, pursuant to an order of this Court.

The dispute concerns a complaint received by the Montana Commissioner of Labor and Industry, hereinafter referred to as the Commissioner, regarding alleged failure of petitioners to pay the minimum wage as prescribed by statute. Petitioners operate and do business as the Carlin Hotel in Billings, Montana. In conducting such business, petitioners hire desk clerks and room maintenance employees.

Involved here are four categories of employees:

1. Two casual employees whose last names are unknown to the State of Montana and to petitioners; they are unidentifiable.

2. Seven employees who did not assign any claim for wages to the Commissioner, but settled their own claims with petitioners.

3. One employee who made complaint to the Commissioner and duly assigned such claim.

4. One employee who asked the county attorney to represent her in the action.

Following the Commissioner's receipt of the one complaint in September 1971, he conducted an audit of petitoners' books. The audit revealed petitioners had, in fact, failed to pay the minimum wage to certain employees. Subsequently the Commissioner ordered petitioners to pay the former employees the difference between the amount actually paid and the minimum wage. Petitioners did not comply.

The Commissioner then requested the Yellowstone County Attorney to institute action against petitioners. Petitioners discovered that only one claim of the several mentioned in the complaint was assigned to the Commissioner. Petitioners then compromised certain of the claims with some of their former employees for amounts less than the amounts due under the minimum wage statute. In answering the Commissioner's complaint, petitioners alleged satisfaction of the claims, having procured releases from some former employees. Petitioners moved the district court for summary judgment on the basis of the releases obtained from those certain employees. The district court denied petitioners' motion for summary judgment and petitioners now seek a writ of supervisory control in this Court.

We accept jurisdiction and deny petitioners' request for a supervisory writ. The basic issue is whether minimum wage claims may be compromised by petitioners and then established as a defense to proceedings seeking enforcement of minimum wage laws. Our answer is in the negative.

Section 41-2306, R.C.M. 1947, provides that all actions regarding enforcement of minimum wages are commenced in accordance with sections 41-1301 through 41-1324, R.C.M. 1947. Two of those sections are significant here. Section 41-1314.1, R.C.M. 1947, authorizes the commissioner of labor to conduct all operations necessary to determine whether any statutory minimum wage provisions have been violated. Section 41-1314-2, R.C.M. 1947, provides in pertinent part:

> "Whenever the commissioner determines that one or
> more employees have claims for unpaid wages, he shall,
> upon the written request of the employee, take an
> assignment of the claim in trust for such employee,
> and may maintain any proceeding appropriate to enforce
> the claim, including liquidated damages pursuant to this
> act. With the written consent of the assignor, the
> commissioner may settle or adjust any claim assigned
> pursuant to this section." (Emphasis added)

It is petitioners' position that if the Commissioner, with the written consent of the employee, can settle and adjust any assigned claim, as the statute authorizes, then the individual may

- 3 -

settle and adjust his own claim in absence of any assignment. Petitioners' argument is untenable. The Commissioner has the authority to compromise claims because he does so not only for the best interest of the claimant, but for the public as well. That situation is quite apart from the instance where the party failing to pay the minimum wage attempts to compromise the claimant's demand. The best interest of neither the public nor the claimant is pursued by the party at fault; a compromise sought by the party at fault serves only that party.

In considering the purpose of the Fair Labor Standards Act, the United States Court of Appeals, Ninth Circuit, in Wirtz v. Malthor, Inc., 391 F.2d 1, 3, said:

> "It must be remembered that restraining appellees from withholding the minimum wages and overtime compensation is meant to vindicate a public, rather than a private right, and that the withholding of the money due is considered a 'continuing public offense.'"

The court then went on to note that the purpose of enforcement procedures is twofold: (1) to increase the effectiveness of enforcement by depriving the violator of his gain; and (2) to protect employers who do comply with the Act from having to compete unfavorably with those who do not comply. We find these purposes analogous to the declaration of policy embodied in section 41-2301, R.C.M. 1947.

Petitioners urge that the Commissioner's failure to obtain assignments from all the claimants proves fatal to the Commissioner's authority to act on the claimants' behalf and that those nonassigned claims may be settled by the claimants themselves. Again, we do not agree. This is a first impression case before this Court. In the future this problem can be avoided if the Commissioner obtains assignments from all claimants.

However, since we are dealing with a public right, public policy demands the minimum wage shall be paid. Minimum wage provisions exist for the benefit of the whole public and a claimant of his own accord may not bargain away his statutory minimum wage.

- 4 -

It is elementary that a law established for a public reason cannot be compromised by private agreement. Section 49-105, R.C.M. 1947.

As concerns the first category of employees, listed heretofore, petitioners (employers) complied with the prayer of the original complaint and deposited the amount due those unidentifiable employees with the district court. Having fully complied with the prayer of the state's complaint, there is no penalty or forfeiture owing by petitioners.

As concerns category 2, those who settled their claims for less than the minimum wage, we direct that the amount owing between the settlement made and the minimum wage be paid into district court to be paid over to those employees. These employees having been represented by the county attorney, we find the provisions for attorney fees and costs provided for in section 41-1322, R.C.M. 1947, are not applicable. Under the circumstances here, liquidated damages are likewise not applicable.

As concerns category 3 and category 4, the employees who brought action either through the Commissioner or county attorney, petitioners herein have asserted a counterclaim which must be disposed of by the district court.

Petitioners' request for a writ of supervisory control is denied on the merits. The cause is remanded to the district court for whatever further action is necessary, which action shall be consistent with the directions provided herein.

                                        _____
                                              Associate Justice

We Concur:

_____
      Chief Justice

_____

_____
      Associate Justices

Mr. Justice Wesley Castles dissenting:

I dissent. The fact statement in the majority opinion is not complete. The complaint filed by the Commissioner of Labor sought payment of underpaid wages, a bond or a cessation of business. Defendants complied by settling the claims not represented by the Commissioner and by depositing in the district court the amounts due two casual employees neither party was able to find.

As to two claimants or employees, one was represented by the Commissioner after an assignment; the other merely asked the county attorney to represent her. As to these two claimants, the defendants filed counterclaims. The validity and good faith of the counterclaims we should accept as true at this stage. Then and only then, did the Commissioner, without authority as to part of the claimants under the statute, assert liquidated damages.

Keep in mind here that we are being asked to accept jurisdiction by way of supervisory control. We accept jurisdiction but deny petitioners' request for a supervisory writ and then go on to rule on the merits. We have ruled that there is no defense.

Montana statutes state plainly that the Commissioner shall take an assignment in trust. With the written consent of the assignor, he may settle or adjust. Then, it follows, under our statute, the beneficiary or claimant can settle for himself.

I dissent to the ruling as made here. The majority opinion has at least recognized that no penalties should apply. With this, I agree. I would grant the writ.

　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　 Associate Justice