No. 13858

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

HOLMAN AVIATION COMPANY,

Defendants and Respondents.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Patrick Flaherty argued, Helena, Montana

For Respondent:

Burton and Waite, Great Falls, Montana
Charles M. Cruikshank, III argued, Great Falls,
Montana

For Amicus Curiae:

James Zion argued, Helena, Montana

---

Submitted: December 9, 1977

Decided: MAR 10 1978

Filed: MAR 10 1978

Thomas J. Kearney
                                            Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff and appellant, State of Montana, appeals from separate orders of the District Court, Cascade County, setting aside a final order and judgment in favor of plaintiff, and granting summary judgment to defendant and respondent, Holman Aviation Co.

In 1975, the United States Department of Labor audited the payroll records of defendant, Holman Aviation Co., and concluded that defendant had not paid one of its employees, James Hansen, $227.00 in back overtime wages that were due him under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201-219 (1970) (hereinafter referred to as the F.L.S.A.). After defendant refused the Department's request to pay the back wages, the United States Department of Labor concluded that it was "not suitable" for it to institute court action to secure payment.

James Hansen then filed a wage claim on January 12, 1976, against defendant for wages earned but not paid. Hansen assigned this wage claim for collection to plaintiff and appellant, State of Montana, Department of Labor and Industry, Labor Standards Division (hereinafter referred to as "Montana Department of Labor") pursuant to section 41-1314.2, R.C.M. 1947. Defendant was served with notice and the opportunity for administrative hearing on the wage claim. Defendant, however, refused to attend the administrative hearing, alleging that plaintiff, Montana Department of Labor, lacked jurisdiction to prosecute the wage claim. On May 25, 1976, an order of default was entered in plaintiff's administrative proceedings against defendant, directing defendant to pay plaintiff agency $454.00 in back wages and penalties.

Defendant was served by mail with notice of plaintiff agency's order and with notice that within thirty days from the service of the order, defendant could file a petition for judicial review of

-2-

the order, pursuant to section 82-4216, R.C.M. 1947. Defendant did not file a petition for judicial review by June 27, 1976, thirty days after it was served with the agency's order.

Plaintiff on September 10, 1976, filed an application for judgment in District Court, Cascade County, pursuant to section 41-1314.4, R.C.M. 1947, seeking a District Court order enforcing the agency determination that defendant must pay $454.00 in back wages and penalties to plaintiff agency in trust for James Hansen, and requiring defendant to pay plaintiff $100.00, pursuant to section 41-1314.2, R.C.M. 1947, as reasonable attorney fees for the services of the Cascade County attorney, plaintiff's attorney in this action. The District Court issued a final order and judgment on September 10, 1976, ordering defendant to pay plaintiff $454.00 in back wages and penalties and $100.00 in attorney fees.

On September 29, 1976, the District Court, pursuant to a motion filed by defendant, issued an order setting aside its final order and judgment. Thereafter, plaintiff and defendant each filed separate motions for summary judgment, and submitted briefs in support of their motions.

On April 25, 1977, the district judge issued an opinion in which he adopted the position advanced by defendant, that section 41-2307, R.C.M. 1947, precluded plaintiff from bringing a wage collection suit on behalf of an employee covered by the F.L.S.A. The judge granted defendant's motion and ordered that summary judgment be entered for defendant.

At issue in this appeal is whether the Montana Department of Labor is precluded, either by section 41-2307, R.C.M. 1947, or by any provision of the F.L.S.A., from seeking enforcement of the F.L.S.A. claims of an employee working in Montana.

Section 41-1301, R.C.M. 1947, of the Montana Wage Payment Act requires employers to pay each employee his wages within ten

business days after the wages become due and payable. Other sections of the Wage Payment Act provide for the recovery by an unpaid employee of a penalty and attorney fees, and for the method of court enforcement. Section 41-1314.2, R.C.M. 1947, of the Wage Payment Act, the section under which James Hansen assigned his F.L.S.A. claim to plaintiff provides:

> "Whenever the commissioner determines that one or more employees have claims for unpaid wages, he shall, upon the written request of the employee, take an assignment of the claim in trust for such employee, and may maintain any proceeding appropriate to enforce this claim * * *."

The expansive language of section 41-1314.2, R.C.M. 1947, allows the Montana Department of Labor to seek enforcement of "claims for unpaid wages", without excluding F.L.S.A. wage claims from the Department's jurisdiction.

Furthermore, section 41-1137, R.C.M. 1947, a provision of an act governing the hours of labor in various employments, authorizes the Montana Department of Labor " * * * to assist and cooperate * * * in the enforcement within this state of the Fair Labor Standards Act of 1938 * * *." Sections 41-1314.2 and 41-1137, R.C.M. 1947, when read together, indicate a very clear intent by the Montana legislature to vest the Montana Department of Labor with the power to maintain enforcement proceedings of F.L.S.A. wage claims.

Respondent employer argues, and the District Court held, that whatever inferences one may draw from sections 41-1314.2 and 41-1137, R.C.M. 1947, as to Montana Department of Labor enforcement power in F.L.S.A. wage claims, section 41-2307, R.C.M. 1947, prohibits state activity in any action involving employees covered by the F.L.S.A. We disagree.

Section 41-2307, R.C.M. 1947, states:

> "The provisions of this act shall be in addition to other provisions now provided by law for the payment and collection of wages and salaries, but shall not apply to employees covered by the Fair Labor Standards Act."

Section 41-2307, by its plain meaning provides merely that "the provisions of this act", the Montana Minimum Wages and Maximum Hours Act, shall be applicable to set minimum wages and maximum hours for certain Montana employees in occupations not covered by the F.L.S.A., and that the F.L.S.A. shall apply to those employees which the federal act specifies. The Wage Payment Act is an act distinct from the Wages and Hours Act, and therefore, falls outside the section 41-2307 exclusion. The Wage Payment Act evinces the Montana legislature's intent to provide a method for the Montana Department of Labor to collect all unpaid wages of Montana employees, without distinction between wages unpaid under the F.L.S.A. or under the Montana Minimum Wages and Maximum Hours Act.

Regardless of whether the Montana legislature intended through section 41-1314.2, R.C.M. 1947, to vest the Montana Department of Labor with the power to prosecute F.L.S.A. unpaid wage claims, respondent employer argues that the F.L.S.A. itself expressly prohibits state enforcement of F.L.S.A. wage claims. If the F.L.S.A., a federal statute, precludes state agency enforcement of F.L.S.A. claims, Montana legislation giving the Montana Department of Labor the power to enforce F.L.S.A. claims would be unconstitutional under the Supremacy Clause, Art. VI, Section 2, United States Constitution. Sinnot v. Davenport (1859), 63 U.S. (22 How.) 227, 242-243, 16 L.Ed. 243. Furthermore, regulations of the administrator of the United States Department of Labor, Wage and Hour Administration "have the force of law as much as though they had been written in the statute". Helliwell v. Haberman (2d Cir. 1944), 140 F.2d 833. If section 41-1314.2, R.C.M. 1947, conflicts with a United States Department of Labor regulation, the Supremacy Clause would be violated.

Respondent employer argues that 29 C.F.R. 515.8 preempts state enforcement of F.L.S.A. wage claims. Respondent underlines for emphasis that portion of the regulations which reads:

-5-

"All litigation * * * shall be undertaken by and
be under the direction and control of the Federal
Government * * *."

The command in 29 C.F.R. 515.8 that all F.L.S.A. litigation must

be undertaken by the federal government, however, is specifically

limited by the express language of the regulation to litigation:

" * * * other than civil actions for the recovery
of wages due instituted pursuant to section 16(b)
of the Fair Labor Standards Act of 1938 * * *."

In this case, James Hansen's wage claim was for overtime

wages due under section 16(b) of the F.L.S.A.  29 C.F.R. 515.8 fur-

ther sanctions state enforcement of F.L.S.A. wage claims when it

provides:

" * * * Any State agency intending to institute
a civil action in behalf of an employee or employees
for the recovery of wages due, pursuant to section
16(b) of the Fair Labor Standards Act of 1938 shall
notify the Division and the Secretary of Labor prior
to the institution of such action."

The Montana Department of Labor was authorized by both the

Montana legislature, through section 41-1314.2, R.C.M. 1947, and

by the United States Congress, through the F.L.S.A. and 29 C.F.R.

515.8, to institute civil actions on behalf of employees such as

James Hansen to recover unpaid F.L.S.A. wages.

The District Court final order and judgment in the amount

of $454.00 in back wages and penalties, and $100.00 in attorney

fees is affirmed.  We note that the $100.00 attorney fees must be

paid into the Cascade County general fund and not given to the Cas-

cade County attorney as private attorney fees.  Because Cascade

County is a county with a population in excess of 30,000 people,

the Cascade County attorney is prohibited from receiving profits

from the private practice of law.  Section 16-3106, R.C.M. 1947.

The District Court orders setting aside the final order and

judgment in favor of plaintiff  and granting summary judgment to

defendant employer are reversed.

Daniel J. Shea
_____
Justice

-6-

We Concur:

_____
Acting Chief Justice

_____
Justice

_____
Hon. Ronald D. McPhillips, District Judge, sitting for Mr. Justice Haswell.