No. 82-510

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN THE MATTER OF THE WAGE CLAIM OF
PERCY HOEHNE,

        Claimant and Respondent.,

  -vs-

SHERRODD, INC.,

        Appellant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Towe, Ball, Enright & Mackey; Neil D. Enright,
        Billings, Montana

    For Respondent:

        Radovich & Johnson; George Radovich, Billings,
        Montana
        Paul Van Tricht, Dept. of Labor & Industry,
        Helena, Montana

Submitted on Briefs:  June 2, 1983

Decided:  August 18,1983

Filed:  AUG 1 8 1983

*Ethel M. Harrison*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Sherrodd, Inc., appeals the Yellowstone County District Court dismissal of its petition for judicial review of the Department of Labor and Industry ruling, awarding Percy Hoehne, respondent and former employee of Sherrodd, overtime compensation plus a penalty. We affirm.

Sherrodd was in the business of providing heavy equipment and personnel to operate such equipment to various oil companies. Hoehne was employed by Sherrodd from May 1981 until January 1982 to operate heavy equipment at a rate of $10 per hour. During this period of time Hoehne was a Montana resident and Sherrodd was a Montana corporation with its principal place of business in Montana. Hoehne sometimes worked in North Dakota but no actual records were kept indicating the amount of work done there.

Hoehne claimed that he accumulated many overtime hours but was not paid the overtime rate for such hours. He filed a wage claim with the Labor Standards Division of the Montana Department of Labor and Industry and a hearing was held on June 22, 1982. On July 26, 1982, the Department ruled in Hoehne's favor, finding that he worked 349 overtime hours and awarded him $1,745 in compensated overtime. Further, he was awarded a penalty of $1,745 as the overtime wages had been due in excess of the statutory time period as set forth in section 39-3-206, MCA.

Sherrodd timely filed a petition for judicial review of the Department's ruling in Yellowstone County District Court. The Department moved to dismiss the amended petition and on October 29, 1982, the District Court granted the motion on the basis of the agency record. Sherrodd brings

this appeal and raises two issues for consideration:

1.   Did the Commissioner of the Montana Department of Labor and Industry have jurisdiction to decide the wage claim in question?

2.   Is the claimant estopped from claiming overtime wages?

Sherrodd first contends that the Montana Department of Labor and Industry did not have jurisdiction to rule on Hoehne's wage claim as he often worked in North Dakota. Further, there was no official request from North Dakota authorizing Montana to proceed on Hoehne's wage claim pursuant to section 39-3-305, MCA.

The Department asserts that it had jurisdiction to enforce Montana laws with respect to Hoehne's claim because both the employee and the employer were residents of Montana and Sherrodd's principal place of business was within Montana. Further, the employment contract was entered into in Montana and part of the work in question was performed here. The employer's records did not indicate the amount of work done in each state. Finally, Sherrodd was subject to the Fair Labor Standards Act of 1938 (FLSA) and the Department had clear authority to enforce the federal act.

The Department of Labor and Industry has a statutory duty to enforce Montana wage laws affecting Montana citizens. Section 39-1-102, MCA. The Commissioner of Labor must investigate violations of Montana wage laws and institute actions for unpaid wages. Section 39-3-209, MCA. The commissioner may take assignments of wage claims in trust for the claimant and maintain any proceeding to enforce such claim. Section 39-3-211, MCA.

-3-

The Department may also enforce the provisions of the FLSA, requiring minimum wages and overtime pay. In State v. Holman Aviation Co. (1978), 176 Mont. 31, 575 P.2d 923, this Court held that the Department may institute a civil action on behalf of employees to recover unpaid overtime wages due under the FLSA. We stated:

> "The Montana Department of Labor was authorized by both the Montana legislature, through section 41-1314.2, R.C.M. (1947) [section 39-3-202, 211, 214(2)(3), MCA], and by the United States Congress, through the FLSA and 29 CFR 515.8, to institute civil actions on behalf of employees . . . to recover unpaid FLSA wages." 176 at 36, 375 P.2d at 926.

In the present case it is clear that the Department was performing its statutory duty enforcing Montana's wage laws protecting Hoehne, a Montana resident. Such laws regulate Montana corporations, like Sherrodd, and require them to pay minimum and overtime wages. Also, the FLSA protects all citizens and the Department acted within its authority enforcing it here. State v. Holman Aviation Co., supra. The Montana Department of Labor and Industry acted within its jurisdiction in adjudicating Hoehne's claim for overtime wages.

We also note that Rule 4(b)(1), M.R.Civ.P., gives the courts of Montana jurisdiction over all persons within the State of Montana. This is a codification of traditional concepts of jurisdiction that subject all persons within a state's boundaries to that state's jurisdiction. We hold that under the traditional notions of jurisdiction the Department properly ruled on this claim. All parties resided in Montana and the principal place of business of the employer was in Montana. Accordingly, the courts of

Montana have proper jurisdiction to hear this case. We also find that when the legislature delegated judicial power to the Department to decide wage claims it intended that the Department be bound by judicial concepts of jurisdiction.

To require an employee to pursue his wage claim in each state he works would unduly burden all parties involved. The employee would have to travel to each state where he worked to pursue his claim. This would lead to an oppressive burden on both the employee and the employer in many cases. For example, where a trucker hauls cargo through several states to reach his destination, it would require both the employer and the employee to go to each state to have a portion of a claim adjudicated. Each party may also need witnesses, which most likely reside in the parties' state of residence. Furthermore, as the Department points out, this would fractionalize the employee's claim to such an extent as to make pursuit of it not worthwhile.

Second, Sherrodd argues that Hoehne is estopped from claiming overtime compensation because he failed to report accumulated overtime hours and did not inform Sherrodd that he expected overtime pay.

Hoehne contends that overtime pay is a statutorily mandated public right. Therefore, it cannot be waived and an employee cannot be estopped from claiming it.

This Court has held that a person may either, by implication or agreement, waive the advantage of a law intended solely for his benefit. Earl Clack Co. v. Staunton (1937), 105 Mont. 375, 72 P.2d 1022; Anaconda Copper Mining Co. v. Ravalli County (1919), 56 Mont. 530, 186 P. 332; Shea v. North-Butte Mining Co. (1919), 55 Mont. 522, 179 P. 499.

Conversely, laws which are intended to protect the public in general cannot be waived privately, section 1-3-204, MCA, by either implication or agreement. Shea, supra.

In Kopischke v. First Continental Corp. (1980), ____ Mont. ____, 610 P.2d 668, 37 St.Rep. 437, we determined that public policy requires a used car dealer to inspect the cars he sells and to make sure they are in safe, working condition. This duty, as an expression of public policy, cannot be waived by the use of an "as is" clause in the sales contract.

An employee's right to receive overtime pay is established in Montana state law as well as federal law. These laws are expressions of public policy created to protect workers, and restraining those from withholding overtime pay is vindication of a public right rather than a private right. Withholding wages due, such as overtime pay, is considered a continuing public offense. Wirtz v. Malthor, Inc. (9th Cir. 1968), 391 F.2d 1, cited in State ex rel. Neiss v. District Court (1973), 162 Mont. 324, 511 P.2d 979. Since overtime premiums are for the protection and benefit of the general public, private waiver is contrary to public policy. Neiss, 162 Mont. at 328, 511 P.2d 981; section 1-3-204, MCA.

In Brooklyn Savings Bank v. O'Neil (1945), 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, the United States Supreme Court interpreted the federal counterpart to the Montana minimum wage and overtime requirements, section 16(b) of the FLSA. The Supreme Court held that the intent of the legislature in passing the FLSA was to prevent an employee's contractual waiver of his right to minimum wages and

-6-

overtime and thereby prevent waiver of liquidated damages for withholding such payments. This, the Court held, would nullify the purposes of the Act.

Essentially, this Court came to a similar conclusion in _Neiss_, supra. In construing Montana's minimum wage requirements we held that:

> ". . .since we are dealing with a public right, public policy demands the minimum wage shall be paid. Minimum wage provisions exist for the benefit of the whole public and a _claimant of his own accord may not bargain away his statutory minimum wage._ It is elementary that a law established for a public reason cannot be compromised by private agreement. Section 1-3-209, MCA." (Emphasis added.) 162 Mont. at 328, 511 P.2d at 981.

We believe that allowing a _noncontractual_ or _implied_ waiver of minimum wages or overtime payments would also nullify the purposes of both statutes and would be contrary to public policy. Consequently, we hold that one's failure to assert such rights does not constitute waiver. Nonassertion could be the result of mere ignorance, which should not legitimize what we consider a continuing public offense or prevent vindication of an important public right. Hoehne is not estopped from claiming overtime pay owed to him from his employment with Sherrodd, Inc.

Affirmed.

_Frank I. Haswell_
_____
Chief Justice

-7-

We concur:

_John Conway Harrison_

_Daniel J Shea_

_L. C. Gulbrandson_,

_____
Justices