No. 86-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JOHN G. CHRISTIANSEN,

        Plaintiff and Appellant,

  -vs-

TAYLOR BROTHERS, INC.,
a Montana corporation,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighth Judicial District,
           In and for the County of Cascade,
           The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James J. Screnar, Bozeman, Montana

    For Respondent:

        Clary & Clary; Thomas H. Clary, Great Falls,
        Montana

---

Submitted on Briefs: Dec. 4, 1986

Decided: February 13, 1987

Filed: FEB 13 1987

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

John G. Christiansen (Christiansen) appeals the June 17, 1986, order of the Eighth Judicial District Court granting partial summary judgment in favor of Taylor Bros., Inc. We affirm.

There is no controversy concerning the facts relevant to this appeal. Christiansen was an employee of Taylor Bros. from March 1, 1981, through the end of December 1982. At the request of several employees, including Christiansen, the employer entered into a written contract to withhold a specific percent of those employees' wages for distribution at a later time. Five percent of all amounts earned were to be paid the employee on the first day of December of each calendar year. If the employee left his job before December 1 for any reason other than disability or death, he was to forfeit the five percent retained by the employer. Three percent of all amounts earned were to be paid at the end of each year, apparently in lieu of vacation pay.

Christiansen acknowledged in the lower court that Taylor Bros. entered into the agreement at the request of the employees. He further acknowledged that he received all monies withheld for him under the agreement and that he voluntarily terminated his employment.

On April 1, 1983, Christiansen filed a complaint against Taylor Bros. alleging failure to pay over $5,000 in back wages due and owing, the illegal withholding of eight percent of his wages due and payable and the breach of the implied covenant of good faith and fair dealing. Taylor Bros. filed a motion for partial summary judgment August 21, 1985, on the issue of whether Taylor Bros. illegally withheld a percentage of Christiansen's wages. Following numerous procedural

maneuverings, the trial judge determined there to be no public policy against withholding wages at an employee's request. Partial summary judgment was entered for Taylor Bros.

On appeal, Christiansen contends the withholding violates Montana's Wages and Wage Protection Act, §§ 39-3-101, et seq., MCA. Specifically, § 39-3-204(1), MCA, states:

> Every employer of labor in the state of Montana shall pay to each employee the wages earned by such employee in lawful money of the United States or checks on banks convertible into cash on demand at the full face value thereof, and no person for whom labor has been performed may withhold from any employee any wages earned or unpaid for a longer period than 10 business days after the same are due and payable. However, reasonable deductions may be made for board, room, and other incidentals supplied by the employer, whenever such deductions are a part of the conditions of employment, or other deductions provided for by law.

Christiansen asserts that this statute should be given a liberal construction favoring the employee. When the statute is construed liberally, it becomes apparent, alleges Christiansen, that the wage deduction policy is illegal.

We disagree. Assuming, without deciding, that the statute should be given a liberal construction in favor of the employee, we find no violation. Christiansen requested the deductions. Section 39-3-204(1), MCA, is designed to prevent an employer from depriving an employee of wages at the employer's instigation, or for the benefit of the employer. Employers cannot deduct an employee's wages to cover expenses incurred by the employer. For example, the Montana Attorney General has ruled that wages may not be set aside for damages caused by an employee's negligence, for unauthorized truck mileage or for other expenses incurred by

2

the employee as a result of his employment. 36 Op. Att'y. Gen. 17 (1975).

Deductions voluntarily requested by the employee in his own behalf do not violate statutes such as § 39-3-204(1), MCA. Department of Labor and Industry v. Asbury Metropolitan Hotel Co. (N.J. App. 1963), 194 A.2d 244. In fact, the Montana Department of Labor recognizes such deductions in its administrative rules.

> HOW DEDUCTIONS AFFECT THE REGULAR RATE
> (1)   Amounts deducted from cash wages - general.
> (a)   The word "deduction" is often loosely used to cover reductions in pay resulting from several causes:
>
> . . .
>
> (iii) Deductions authorized by the employee (such as union dues) or required by law (such as taxes and garnishments).

9 A.R.M. 24.16.2533(1)(a)(iii).

Christiansen further contends that an employee cannot voluntarily contract to have deductions not authorized by law withheld from his wages. Again, we must disagree. Christiansen cites two cases in support of his argument, State ex rel. Neiss v. District Court (1973), 162 Mont. 324, 511 P.2d 979, and Hoehne v. Sherrodd, Inc. (Mont. 1983), 668 P.2d 232, 40 St.Rep. 1363. However, these cases stand for the proposition that an employee cannot contract away statutory rights enacted for the benefit of the general public.

State ex rel. Neiss, 162 Mont. at 328, 511 P.2d at 981, forbids an employee to waive his right to receive a minimum wage.

> Minimum wage provisions exist for the benefit of the whole public and a claimant of his own accord may not bargain away his statutory minimum wage. It is elementary that a law established for a public reason cannot be compromised by private

3

agreement.    Section  49-105,  R.C.M.  1947.    [Now
§ 1-3-204, MCA.]

Hoehne ensures that an employee receives all overtime wages
to which he is entitled.   There is no public policy against
allowing an employee to voluntarily request that a certain
percentage of his wages be set aside for payment at a later
date, a type of self-imposed savings plan.   Therefore, the
contract provisions providing for the deductions at issue are
valid.

The decision of the lower court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices