355 S.E.2d 629

**Jimmie NEW and Shirley New**

v.

**TAC & C ENERGY, INC., etc., et al.**

**No. 16914.**

Supreme Court of Appeals
of West Virginia.

March 26, 1987.

Bradley J. Pyles, Crandall & Pyles, Logan, for appellants.

Cecil C. Varney, Williamson, for Island CK. Coal Co.

M. Blane Michael, Jackson, Kelly, Holt & O'Farrell, Charleston, for appellee.

BROTHERTON, Justice:

This is an appeal from orders of the Circuit Court of Mingo County dismissing the complaint of the plaintiffs below pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

The appellants, Jimmy and Shirley New, are residents of Mingo County, West Virginia. On October 1, 1980, Jimmy New was hired by the defendant, Tac & C Energy, Inc., a West Virginia corporation which has its business office and principal place of business at Gilbert in Mingo County. At the time Mr. New was hired, Tac & C was operating a mine in Hatfield, Kentucky. Mr. New was assigned to this mine as a section foreman from October 1, 1980, to October 29, 1982, when he was laid off. Shirley New, the wife of Jimmy New, was also hired by Tac & C on November 2, 1981, as a secretary. She was injured on July 23, 1982, and did not work thereafter. She was laid off in October, 1982.

All administrative matters of the company were handled in Gilbert, West Virginia. However, all work by the plaintiffs was performed in Kentucky and their paychecks were delivered in Kentucky at the mine site. At the time they were laid off, the plaintiffs contend they were owed certain wages and fringe benefits pursuant to their employment agreement, including accrued vacation pay, a raise promised to Mr. New, and health benefits according to the terms of Tac & C's group medical plan.

The News brought suit against Tac & C Energy in the Circuit Court of Mingo County, alleging a violation of W.Va.Code § 21-5-4(e) (1985).[1] The circuit court granted the defendant's motion for summary judgment on the ground that it did not have jurisdiction over a wage dispute arising in Kentucky.

This Court has not addressed the conflict of laws question in the context of an employment contract.

The closest West Virginia case is of little help. Syl. pt. 2 of *In re Fox's Estate*, 131 W.Va. 429, 48 S.E.2d 1 (1948), notes: "The laws of the state where a contract is made and is to be performed determine the substantive rights of the parties to such contract...." The above case makes clear that if the contract had been made and performed totally in West Virginia, there would be no question about which law would apply. In this case, however, the contract was made in West Virginia but the performance was split between two states. Administrative matters necessary to the employer's performance were performed in West Virginia, while the employees worked exclusively in Kentucky. Of course, we cannot apply the law of both states simultaneously. Instead we must decide which state's law should apply.[2] Because the test

---

**1.** W.Va.Code § 21-5-4(e) (1985) states in part:

If a person, firm or corporation fails to pay an employee wages as required under this section, such person, firm or corporation shall, in addition to the amount due, be liable to the employee for liquidated damages in the amount of wages at his regular rate for each day the employer is in default, until he is paid in full, without rendering any service therefor: Provided, however, that he shall cease to draw such wages thirty days after such default.

**2.** Facing similar problems, the Supreme Court of Montana, in *Hoehne v. Sherrodd, Inc.*, 205 Mont. 365, 668 P.2d 232 (1983), held that the Montana Department of Labor had jurisdiction to enforce a claim for wages under the Montana statute for work done in another state, where both the employee and employer were residents of Montana, the employer's principal place of

set out in *Fox's Estate* does not address the situation where the performance and contracting are not in the same state, we are left with no clear provision of law governing this situation.

 The *Restatement (Second) of Conflicts* § 196 (1971) states:

> The validity of a contract for the rendition of services and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the contract requires that the services, or a major portion of the services, be rendered, unless, with respect to the particular issue, some other state has a more significant relationship ... to the transaction and the parties, in which the event the local law of the other state will be applied.

We find this to be a fair and equitable rule and adopt it in this jurisdiction. The section provides for a two part test, granting a presumption to the state where the services are rendered, which in this case was Kentucky, unless it can be shown that West Virginia has a more significant relationship[3] to the transaction and the parties.

 We conclude from all the evidence that West Virginia has a more significant relationship to the transaction and to the parties than does Kentucky. All the parties are residents of West Virginia. The plaintiffs were only in Kentucky for the duration of the job. The transaction also has strong ties to this State. The contract was made in West Virginia and was partially performed in West Virginia. From this evidence, we hold that West Virginia had the more significant connection to the employment relationship and therefore West Virginia law applies.

We therefore reverse the decision of the Circuit Court of Mingo County and remand the case for further proceedings.

Reversed and remanded.

---

business was in Montana, the employment contract was entered into in Montana, and some of the work was performed there. The court noted that it would be an undue burden on all parties to hold that an employee must pursue a wage claim in the multiple forums where the contract was performed. 668 P.2d at 234. Instead, one forum and one law should apply.

**3.** The "more significant relationship" test is relatively new. *See* Annotation, *Conflicts of Laws* as to *Elements and Measure of Damage Recoverable for Breach of Contract*, 50 A.L.R.2d 227 § 7.5 (Later Case Service 1978). It also comes under a variety of different names. *See Bache & Co. v. International Controls Corp.*, 339 F.Supp. 341, 348 (S.D.N.Y.1972) ("center of gravity"); *McCrossin v. Hicks Chevrolet, Inc.*, 248 A.2d 917, 921 (D.C.1969) ("more substantial interest"); *Bernick v. Jurden*, 306 N.C. 435, 443, 293 S.E.2d 405, 410–11 (1982) ("appropriate relation").