No. 98-124

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 50

REANN S. ROTHWELL,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

ALLSTATE LIFE INSURANCE COMPANY,

ALLSTATE INDEMNITY COMPANY,

NOVUS CREDIT SERVICE, INC., f/k/a

ALLSTATE ENTERPRISES, INC. and its

Subsidiary companies, and ALLSTATE

MOTOR CLUB, INC.,

. Defendants.

No

APPEAL FROM: United States District Court for the District of Montana

Great Falls Division

The Honorable Richard W. Anderson, Judge presiding.

COUNSEL OF RECORD:

For Plaintiff:

Curtis G. Thompson, William D. Jacobsen, Steven T. Potts (argued), Thompson, Jacobsen & Potts, Great Falls, Montana

For Defendants:

James H. Goetz (argued), Goetz, Madden & Dunn, Bozeman, Montana; Thomas M. Welsch, Poore, Roth & Robinson, Butte, Montana; H. Sinclair Kerr, Jr., Jeffrey Lennard, Michael von Loewenfeldt, Sonnenschein, Nath & Rosenthal, San Francisco, California

Amicus Curiae:

Stephen C. Pohl (argued), Bozeman, Montana (Montana Trial Lawyers Association)

Certified: March 10, 1998

Submitted: November 17, 1998

Decided: March 17, 1999

Filed:

_____

No

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

**¶1. The United States District Court for the District of Montana, Great Falls Division, has certified to this Court the following question:**

Whether the provisions of § 39-2-701(1)(1995), MCA, that "[a]n employer must indemnify his employee . . . for all that he necessarily expends or loses in direct consequence of the discharge of his duties as such or of his obedience to the directions of the employer," are validly subject to waiver by an employee by way of a provision in the employer's standard written contract of employment whereby the employee purports to agree to accept less than full indemnification for employment-related expenses.

**¶2. Pursuant to Rule 44, M.R.App.P, and by order dated March 10, 1998, we accepted the certified question. After briefing and oral argument by the parties and by the Montana Trial Lawyers Association (MTLA) as *amicus curiae*, we answer this question in the negative for the reasons set forth below.**

## Background

**¶3. On May 30, 1997, Reann Rothwell (Rothwell) filed an action in the United States District Court for the District of Montana against Allstate Insurance Company, Allstate Life Insurance Company, Allstate Indemnity Company, Novus Credit Service, Inc. f/k/a Allstate Enterprises, Inc. and its subsidiary companies, and Allstate Motor Club, Inc. (hereinafter collectively referred to as "Allstate"). Rothwell was an insurance agent for Allstate from 1989 until 1997. The complaint sought to require Allstate to indemnify and reimburse Rothwell for office and other employment-related expenses incurred in the course and scope of her employment with Allstate.**

**¶4. On July 15, 1997, Allstate filed a motion to dismiss the complaint arguing that it failed to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P., and that Rothwell had waived her statutory right to seek indemnification or reimbursement of these**

**expenses by signing Allstate's standardized employment agreement. This agreement provides, in part:**

II. Office Expense Allowance (OEA)

1. The Neighborhood Office Agent is responsible for his/her office expenses.

2. The Office Expense Allowance, the formula for which is described in the Neighborhood Office Agent Manual(s), is a Company authorized office expense reimbursement and is not a fund, compensation, or income. As such, amounts accrued in your OEA account belong to the Company and these amounts are used to reimburse you for Company authorized expenses.

3. Allstate reimburses actual expenses to the limit of the agent's OEA for specified office expenses as described in the Neighborhood Office Agent Manual(s). Any amount spent in excess of the OEA is the responsibility of the agent.

Allstate asserted that this agreement required Rothwell to assume responsibility for the expenses of operating an office for Allstate subject to partial reimbursement by Allstate pursuant to the contract language quoted above.

**¶5. Rothwell opposed Allstate's motion to dismiss arguing that the agreement is unenforceable and that the OEA reimbursement scheme is void as against public policy because it is inconsistent with § 39-2-701(1), MCA. The United States District Court certified the above question to this Court and stayed all proceedings pending this Court's answer.**

## Discussion

**¶6. Allstate argues that under § 39-2-701(1), MCA, while an employer is generally responsible for reimbursing an employee's necessary expenses, the provisions of that subsection may be waived and the parties may agree to a different relationship.**

**Allstate relies on § 1-3-204, MCA, which provides:**

**Waiver of benefit of a law.** Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement.

Under this code section, individuals may waive any of their statutory rights unless waiver of those rights violates public policy. Thus, resolution of the certified question turns on whether § 39-2-701(1), MCA, was established for a public reason.

**¶7. Although this is an issue of first impression in Montana, previous decisions of this Court involving employment-related issues provide guidance in determining this question.**

In *State ex rel. Neiss v. District Court* (1973), 162 Mont. 324, 511 P.2d 979, a hotel owner failed to pay the minimum wage as prescribed by statute to various desk clerks and room maintenance employees. The Montana Commissioner of Labor and Industry ordered the employer to pay the employees the difference between the amount actually paid and the minimum wage. Instead, the employer settled the claims of several employees for amounts less than the amounts due under the minimum wage statute. This Court determined that minimum wage provisions exist for the benefit of the public as a whole, thus employees may not bargain away their right to receive minimum wage. *Neiss*, 162 Mont. at 328, 511 P.2d at 981.

**¶8. Similarly, in *Hoehne v. Sherrodd, Inc.* (1983), 205 Mont. 365, 668 P.2d 232, an employer who provided heavy equipment and personnel to operate that equipment to oil companies in Montana and North Dakota, failed to pay overtime compensation to one of its heavy equipment operators. The employee claimed that he accumulated overtime hours but was not paid the overtime rate for such hours. The employer argued that the employee was estopped from claiming overtime compensation because he failed to report accumulated overtime hours and did not inform the employer that he expected overtime pay. This Court determined that the laws establishing an employee's right to receive overtime compensation are expressions of public policy created for the protection and benefit of the general public, thus, private waiver of that right, by implication or agreement, is contrary to public policy. *Hoehne*, 205 Mont. at 369-70, 668 P.2d at 234-35.**

¶9. Indemnification of an employee for expenses incurred in the discharge of the employee's duties is a form of employee compensation similar to the payment of overtime compensation and minimum wage. Section 39-3-406(1), MCA, sets forth a list of exclusions describing 16 different categories of workers to whom Montana's minimum wage and overtime compensation laws do not apply. In addition, § 39-3-406 (2), MCA, sets forth a list of an additional 25 categories of workers to whom Montana's overtime compensation laws do not apply. Hence, while not all workers in Montana are entitled to the benefits of the minimum wage and overtime compensation laws, this Court has determined that these laws were established for a public reason and that they are expressions of public policy. Section 39-2-701(1), MCA, has no comparable list of exclusions, thus it protects a greater number of workers than the minimum wage and overtime compensation laws. Consequently, if the minimum wage and overtime compensation laws are expressions of public policy, then § 39-2-701(1), MCA, which protects a greater number of workers, is also an expression of public policy.

¶10. Moreover, in *Hoehne*, this Court cited three cases to illustrate what laws are considered to be for a private benefit, thus waiver was deemed proper: *H. Earl Clack Co. v. Staunton* (1937), 105 Mont. 375, 72 P.2d 1022 (holding that a statutory notice requirement was enacted for the benefit of the subcontractor, thus the notice requirement could be waived); *Anaconda Copper Mining Co. v. Ravalli County* (1919), 56 Mont. 530, 186 P. 332 (holding that waiver of a statutory notice requirement was proper where the taxpayer had the opportunity to appear to oppose an increase in taxes); *Shea v. North-Butte Mining Co.* (1919), 55 Mont. 522, 179 P. 499 (holding that an employee's election not to be bound by the Workers' Compensation Act did not constitute a waiver in violation of public policy because the law in existence at that time allowed employees to elect not to be bound by the Act, thereby preserving their right to prosecute an action for damages against an employer for injuries suffered during the course of employment).

¶11. Similarly, in *Matter of Gaither* (1990), 244 Mont. 383, 797 P.2d 208, this Court determined that a widow had the right to waive or abandon her right to receive her deceased husband's worker's compensation benefits because the right to receive those benefits was personal to her. And, in *Parchen v. Chessman* (1914), 49 Mont. 326, 142 P. 631, this Court determined that statutes of limitations may be waived because they are a personal privilege for the benefit of individuals and not to secure general objects of policy.

¶12. We conclude that the case *sub judice* is dissimilar to the five cases cited above wherein we determined that the statutory provision at issue in each case was enacted for a private benefit and could, thus, be waived. In the present case, waiver of the right to indemnification would result in the forfeiture of a valuable right granted to all Montana employees.

¶13. The Montana statutes governing payment of minimum wage, overtime compensation, workers' compensation benefits, and unemployment benefits, contain separate statutory provisions prohibiting waiver of those benefits. Allstate argues that because § 39-2-701(1), MCA, is not accompanied by an express statement of public policy or an express prohibition of contracts that waive the right to indemnify, the principle of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another) demonstrates that there is no bar to waiver of the general indemnity right. We disagree.

¶14. Section 39-2-701(1), MCA, provides for only one exception to the requirement that an employer indemnify his employee. That exception is found in subsection (2), which provides: "An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed." Thus, under the above principle, "the expression of one thing"--i.e., the exception for losses--"is the exclusion of another"--i.e., any exception for waiver of the right to seek indemnification or reimbursement of expenses by private agreement.

¶15. Allstate also argues that we should look at the legislative history of § 39-2-701, MCA, and conclude that, under basic principles of agency, *in the absence of a contract to the contrary*, an employer is responsible for the necessary expenses of its employees. However, to do so would require us to read into the statute a provision that is not there. That is not the function or duty of this Court. *See* § 1-2-101, MCA.

¶16. Because we conclude that § 39-2-701(1), MCA, is a form of employee compensation that exists for the benefit of the public as a whole, the answer to the certified question is "No," the provisions of § 39-2-701(1), MCA, may not be waived by an employee.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice Karla M. Gray, dissenting.

**¶17. I respectfully dissent from the Court's opinion holding that the indemnification provisions contained in § 39-2-701(1), MCA, cannot be waived by an employee via contract. As result, I would answer the question certified to this Court from the United States District Court for the District of Montana, Great Falls Division, in the affirmative.**

**¶18. The present case requires us to focus on two statutes. The first, § 39-2-701(1), MCA, provides that an employer is generally responsible for reimbursing expenses necessarily expended by an employee in the discharge of employment duties. The second, § 1-3-204, MCA, provides that a person may waive the advantage of a law intended solely for his or her benefit, but that "a law established for a public reason cannot be contravened by a private agreement." The issue before us is whether § 39-2-701(1), MCA, is a law established for a public reason which may not be waived by the contract between Rothwell and Allstate or, alternatively, whether it is a law intended solely for the benefit of individual employees like Rothwell which she**

waived via the contract.

¶19. I agree with the Court that, in previous cases such as *Neiss* and *Hoehne*, we have held that certain laws--specifically, minimum wage and overtime compensation statutes--were enacted for a public reason (that is, for the benefit of the public as a whole rather than for the sole benefit of individual employees) and were not waivable via private contract. In addition, the Court is correct that, in other cases, we have held that a statute requiring notice to a subcontractor, a statutory notice requirement favoring a taxpayer, and a law permitting an employee to elect not to be bound by the Workers' Compensation Act (under the law in effect at the time which allowed such an election, thereby preserving the employee's right to sue the employer for damages) were waivable statutory rights intended to benefit the individuals, rather than statutes established for a public reason. *See Earl Clack Co., Anaconda Copper Mining Co.*, and *Shea*. In addition, we have held that a widow could waive her right to receive her deceased husband's workers' compensation benefits because the right to those benefits was personal to her, and that statutes of limitations may be waived because they are a personal privilege benefitting individuals and were not established to secure general objects of policy. *See Matter of Gaither* and *Parchen*. However, none of our previous opinions relating to whether certain statutes are "established for a public reason" or are intended solely for the benefit of the individual contains a substantive analysis or evaluation of the appropriate means for distinguishing between the two types of statutes for purposes of determining whether they can--or cannot--be waived by private agreement.

¶20. Unfortunately, the Court's opinion in the present case also does not offer any insight into the proper way to distinguish between the two types of statutes at issue here in order to resolve the ultimate issue of waiver. As a result, it also does not provide any guidance to trial courts, lawyers and litigants in resolving this issue in future cases.

¶21. Instead, the Court simply states in a conclusory fashion, and without further elucidation, that "[i]ndemnification of an employee for expenses incurred in the discharge of the employee's duties is a form of employee compensation similar to the payment of overtime compensation and minimum wage." On that basis, it concludes that the present case "is dissimilar" to our earlier cases, referenced above, which determined that the specific statutory provisions at issue therein were enacted for a private benefit and, thus, could be waived. Again, no explanation or analysis is

provided.

¶22. Given this backdrop, it is difficult to discuss the legal error in the Court's opinion, so I will confine myself to two points. First, at least as presented by the Court, I disagree that the indemnification of an employee for expenses necessarily expended in the discharge of employment duties is a form of compensation "similar" to the payment of overtime and minimum wage. The Court cites to no authority in support of this proposition and, certainly, nothing in the language of § 39-2-701(1), MCA, fairly can be said to support the Court's statement. Rather, it is important to observe that § 39-2-701, MCA, is located in a different chapter of Title 39 than are the minimum wage and overtime laws: § 39-2-701, MCA, is located in Chapter 2 of that Title, entitled "The Employment Relationship," while the minimum wage and overtime laws are contained in Chapter 3 of Title 39, entitled "Wages and Wage Protection." Moreover, the Legislature has enacted a strong policy statement with regard to minimum wage and overtime compensation, which makes clear that those statutes are, indeed, established for a public reason and not intended for the sole benefit of individuals. *See* § 39-3-401, MCA. Thus, it is clear from both the Legislature's policy declaration and our prior cases that the benefits of the minimum wage and overtime statutes cannot be waived by private agreement, a proposition with which I wholeheartedly agree.

¶23. No such policy declaration or case law, however, supports the notion that statutory indemnification of employees is a "form of employee compensation similar to" minimum wage and overtime. In addition, while the statutory definition of "wage" set forth at § 39-3-402(7)(a), MCA--in the Wages and Wage Protection chapter of Title 39--conceivably could be read to include indemnification of or reimbursement to an employee for expenses relating to the employment, the Legislature has limited the application of that definition to the minimum wage and overtime compensation statutes (*see* § 39-3-402, MCA) and, as a result, that definition cannot properly be applied in the context of § 39-2-701, MCA. *See* § 1-2-107, MCA. The same is true of the statutory definition of "wages" contained in § 39-3-201(7)(a), MCA. Finally, in this regard, we have held that indemnification payments to employees under § 39-2-701(1), MCA, the very statute at issue in the present case, are not "wages" under § 39-3-201, MCA, or § 39-3-206, MCA, for purposes of the penalty provided in the latter statute for failure to timely pay wages. Johnston v. K & T Mfg., Inc. (1981), 191 Mont. 458, 460, 625 P.2d 66, 67. For all these reasons, it is my view that the Court's "similar to" conclusion is without legal

support.

**¶24. My second point with regard to the error I perceive in the Court's opinion is the Court's somewhat loose use of the term "an expression of public policy" as the equivalent of the language "established for a public reason" which is contained in § 1-3-204, MCA. It can--and should--be said that every statute duly enacted by the Legislature is an expression of public policy with regard to its subject matter. However, the "public policy" connotation cannot properly be equated to the "public reason" language in § 1-3-204, MCA, because to do so would render § 1-3-204, MCA, a nullity. Section 1-3-204, MCA, clearly contemplates that only some laws have been established for a "public reason" and, pursuant to the statute, the benefit of such laws cannot be waived by private contract. Interpreting "public reason" and "public policy" as essentially identical renders the language of § 1-3-204, MCA--permitting waiver of the advantage of a law intended solely for an individual's benefit--totally ineffective and mere verbiage. Such a result clearly was not intended by the Legislature and we are obligated to interpret statutes to give them effect wherever possible, rather than to render them mere surplusage. Formicove, Inc. v. Burlington Northern, Inc. (1983), 207 Mont. 189, 194, 673 P.2d 469, 471 (citation omitted). For these reasons, it is my view that the Court's implicit substitution of "an expression of public policy" for the statutory language "established for a public reason" is both inappropriate and unsupported.**

**¶25. My disagreement with the result the Court reaches in this case does not mean that no supportable arguments can be made for that result. My disagreement is that the Court has not supported its result with any legal analysis or authority. Absent such support, I must respectfully dissent.**

/S/ KARLA M. GRAY